# Richmond

AETNA CASUALTY AND SURETY COMPANY v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, ET AL.

June 14, 1971.

Record No. 7496.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*John B. Spiers, Jr.* (*Spiers, Spiers & Mink*, on brief), for plaintiff in error.

*Stuart B. Campbell, Jr.* (*Campbell & Campbell*, on brief), for defendants in error.

Per Curiam.

State Farm Mutual Automobile Insurance Company ("State Farm") brought this action against Aetna Casualty and Surety Company ("Aetna") seeking a declaratory judgment that a policy issued by Aetna, and not a policy issued by State Farm, provided primary indemnity to Richard Dale Porter for his liabilities arising out of an automobile accident.

Before the accident Porter took his car to Mink Motor Sales, Inc. ("Mink") for repairs and rented a car from Mink to use while his car was being repaired. The accident happened while Porter was driving the rented car. Aetna had issued to Mink a garage policy excluding coverage if other valid and collectible insurance was in force.

State Farm had issued to Porter an automobile liability policy pro-

viding only excess coverage for a temporary substitute automobile or non-owned automobile.

The trial court held that Aetna's policy provided primary coverage to Porter and State Farm's policy provided only excess coverage. Aetna appeals, contending that paragraph (a3) of Code § 38.1-381, which was enacted in 1968 after our decision in *American Motorists Ins. Co. v. Kaplan*, 209 Va. 53, 161 S.E.2d 675 (1968), validates the provision of its policy that excluded coverage to Porter.

Paragraph (a3) of Code § 38.1-381 relates, however, to "insurance . . . against liability arising from the ownership, maintenance or use of any motor vehicle in the business of *selling, repairing, servicing, storing* or *parking* motor vehicles" (emphasis supplied). Since Mink rented the car involved in the accident to Porter, paragraph (a3) does not apply. Under our holding in *American Motorists Ins. Co. v. Kaplan*, the exclusion in the Aetna policy is invalid.

*Affirmed.*