Junius A. TIDDY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C–C–89–418–M.

United States District Court, W.D. North Carolina, Charlotte Division.

March 28, 1991.

Richard E. Thigpen, Jr., Poyner & Spruill, Charlotte, N.C., for plaintiff.

J. Ashcraft, Asst. U.S. Atty., Charlotte, N.C., Robert L. Welsh, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

McMILLAN, District Judge.

### FACTS

Plaintiff filed this action for recovery of penalties and interest paid to Defendant. The parties have cross-moved for summary judgment, and have stipulated to the following facts:

During the calendar year 1984, Plaintiff prepared the federal income tax returns and purchased the federal income tax refunds of the taxpayers identified on Amended Exhibit A to the Complaint and other taxpayers in the Shelby, North Carolina area. The refunds were bought for less than their face value—a practice known as "discounting." For the year 1984, Defendant assessed against Plaintiff $170,500.00 in penalties, consisting of $9,000.00 in penalties pursuant to 26 U.S.C. § 6695(c) for Plaintiff's failure to provide a Social Security number on each return he prepared, and $161,500.00 in penalties pursuant to 26 U.S.C. § 6695(f) for negotiating federal income tax refund checks.

The assessment of the $161,500.00 in penalties under 26 U.S.C. § 6695(f) is barred by the applicable statute of limitations pursuant to 26 U.S.C. § 6696(d), and Defendant has abated these penalties and caused such abatement to be reflected in the public record.

During the calendar year 1985, Plaintiff prepared the federal income tax returns and purchased the federal income tax refunds of the taxpayers identified on Amended Exhibit A to the Complaint and other taxpayers in the Shelby, North Carolina area. For the year 1985, Defendant assessed against Plaintiff $290,425.00 in penalties, consisting of $14,925.00 in penalties pursuant to 26 U.S.C. § 6695(c) for Plaintiff's failure to provide his Social Se-

curity number on each return he prepared, and $275,500.00 in penalties pursuant to 26 U.S.C. § 6695(f) for negotiating federal income tax refund checks.

In order to present the legal issues in court, Plaintiff paid a representative penalty for each type of penalty assessed.

Defendant filed a counterclaim for the remaining applicable penalties assessed against Plaintiff.

The defendant has no evidence of any express agreements or arrangements for tax return preparation fees between Plaintiff and the individuals from whom refunds were purchased.

All returns prepared by Plaintiff were filed on forms 1040A and 1040EZ. The Internal Revenue Service found no preparer errors in a review of the returns prepared by Plaintiff.

Plaintiff's primary business activities during the years in question were the operation of a retail furniture store and the management of rental residential properties.

Defendant contends, as the sole basis for the assessed penalties, that part of the income Plaintiff realized from the preparation of income tax returns and the purchase of refund checks constituted compensation for the preparation of tax returns.

Plaintiff contends that he was not compensated for preparing the returns, and that all of the income he realized from his discounting activities was a return on an investment based on the risks inherent in such transactions.

The following additional facts were not stipulated to, but do not appear to be disputed:

Plaintiff was for a number of years in the business of renting apartments to middle and low income individuals. In 1978, Plaintiff began preparing income tax returns for some of his renters who owed him back rent. Those renters would come to Plaintiff and, in effect, assign their tax refunds to him in payment of their rent.

Plaintiff did not charge these tenants for preparing their returns. He did, however, charge interest at a yearly rate of approximately 20% on money owed to him.

In 1982, Plaintiff (and two of the employees in his real estate office) began on a larger scale to fill out the tax returns of people from whom Plaintiff would buy tax refunds. In 1984, Plaintiff (or his staff) prepared about 360 tax returns; in 1985, Plaintiff (or his staff) prepared approximately 600 tax returns.

Plaintiff occasionally declined to purchase the refunds of taxpayers for whom he had prepared returns. On those occasions, Plaintiff did not charge the taxpayers for preparing their returns.

During the years at issue, the buying of tax returns at a discount was not, in and of itself, illegal.

Plaintiff no longer engages in discounting.

The parties have stipulated that the sole issue presented for decision is whether Plaintiff's discounting activities, as a matter of law, made him a paid "income tax return preparer," as defined in 26 U.S.C. § 7701(a)(36). That statute provides:

**(36) Income tax return preparer.—**

**(A) In general.—**The term "income tax return preparer" means any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by subtitle A or any claim for refund of tax imposed by subtitle A. For purposes of the preceding sentence, the preparation of a substantial portion of a return or claim for refund shall be treated as if it were the preparation of such return or claim for refund.

**(B) Exceptions.—**A person shall not be an "income tax return preparer" merely because such person—

(i) furnishes typing, reproducing, or other mechanical assistance,

(ii) prepares a return or claim for refund of the employer (or of an officer or employee of the employer) by whom he is regularly and continuously employed,

(iii) prepares as a fiduciary a return or claim for refund for any person, or

(iv) prepares a claim for refund for a taxpayer in response to any notice of deficiency issued to such taxpayer or in response to any waiver of restriction after the commencement of an audit of such taxpayer or another taxpayer if a determination in such audit of such other taxpayer directly or indirectly affects the tax liability of such taxpayer.

## DISCUSSION

The defendant relies heavily on the case of *Papermaster v. United States*, 81–1 U.S.T.C. 9217 (E.D.Wis.1980), *aff'd by unpublished order*, 685 F.2d 435 (7th Cir. 1982). In that case, Papermaster, who was an attorney and also a C.P.A., prepared tax returns for both a corporation and its president.

Mr. Papermaster erred in calculating the taxes owed by the president of the corporation. He was thus subject to penalties under 26 U.S.C. § 6694(a) if he was a paid "income tax return preparer" under 26 U.S.C. § 7701(a)(36).

Papermaster argued that he was paid only for preparing the corporate return, and prepared the president's individual return free of charge.

The court rejected Papermaster's argument, and held that preparation of the individual return was paid for as part of a package deal. Papermaster was therefore held liable for penalties as a paid income tax return preparer.

*Papermaster*, however, is not on point. This case, unlike *Papermaster*, does not deal with the preparation of multiple returns for closely related parties. Even if it were on point, *Papermaster* is an unpublished decision of the Seventh Circuit, and is not binding on this court.

The court has been unable to discover a decision which controls or gives persuasive guidance.

*After* the years at issue in this case (1984 and 1985), the Internal Revenue Service issued Revenue Ruling 86–55, 1986–1 C.B. 373. That revenue ruling provides that people in Plaintiff's situation will be considered paid income tax return preparers whose compensation for preparing tax returns is included, as part of a "package deal," in the profits they receive from discounting.

■ However, "revenue rulings ... are nothing more than the position of a party and they are afforded little or no weight as authority." *Addison Int'l, Inc. v. Comm'r*, 90 T.C. 1207, 1226 (1988), *aff'd*, 887 F.2d 660 (6th Cir.1989) (citing *Sims v. United States*, 252 F.2d 434 (4th Cir.1958), *aff'd*, 359 U.S. 108, 79 S.Ct. 641, 3 L.Ed.2d 667 (1959)).

■ Furthermore, although revenue rulings may ordinarily be given retroactive effect, 26 U.S.C. § 7805 (1986), courts have refused to condone retroactive application "where, in general, the result of retroactivity in a particular case would be unduly harsh." *Anderson, Clayton & Co. v. United States*, 562 F.2d 972, 981 (5th Cir. 1977) (citing *Woodward v. United States*, 322 F.Supp. 332, 335 (W.D.Va.1971)).

■ In light of the fact that taxpayers whose returns were prepared by Plaintiff, but whose refunds Plaintiff declined to purchase, were not charged for the preparation of their tax returns, the court is somewhat hesitant to adopt Defendant's position that Plaintiff is a paid income tax return preparer under the governing statute. It should also be noted that, according to the applicable regulations:

> "A person must prepare a return or claim for a refund for compensation to be an income tax return preparer. A person who prepares a return or claim for refund for a taxpayer with no explicit or implicit agreement for compensation is not a preparer, even though such person receives a gift or return service or favor."

Treas.Reg. § 301.7701–15(a)(4).

On balance, the court believes that some of the profits realized by Plaintiff through his discounting activities are properly viewed as compensation for his preparation of tax returns. The court therefore finds that Plaintiff is a paid "income tax return preparer" under 26 U.S.C. § 7701(a)(36).

■ Because, however, "the result of retroactivity in [this] case would be unduly harsh," *Anderson, Clayton & Co.*, 562 F.2d at 981, the court will not apply its holding, or Revenue Ruling 86–55, retroactively.

The statutory provisions that Plaintiff has been assessed penalties for violating "were intended to promote a high standard of care in the preparation of returns for compensation and to effectively deal with the problem of the fraudulent, unscrupulous or incompetent preparer." Internal Revenue Manual—Audit, 4297.1(1).

Plaintiff's preparation of tax returns was not fraudulent, unscrupulous, or incompetent; in fact, *the Internal Revenue Service found no preparer errors in its review of tax returns prepared by Plaintiff.* Defendant, therefore, does not appear to have been damaged by Plaintiff's preparation of tax returns.

Notwithstanding this fact, Defendant seeks to recover from Plaintiff approximately $300,000 in penalties, plus interest. The court was informed at oral argument that this sum is several times greater than the total profits realized by plaintiff from his discounting activities during the years at issue.

There is no evidence of: (1) prior case law or revenue rulings (other than one issued after the fact) putting Plaintiff on notice that his conduct placed him within the purview of the statutes governing paid income tax return preparers; (2) any damage to Defendant fairly attributable to Plaintiff's conduct; or (3) the types of conduct (fraud, unscrupulousness, or incompetence) the governing statutes were intended to prevent. Therefore, the court believes that it would be "unduly harsh" to compel Plaintiff to pay the $300,000 claimed as penalties.

IT IS THEREFORE ORDERED:

1) That Plaintiff is a paid income tax preparer under 26 U.S.C. § 7701(a)(36);

2) That the decision of this court shall be *prospective* in nature;

3) That Plaintiff shall recover of Defendant the representative penalties already paid; and

4) That Defendant shall recover nothing of Plaintiff.