956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Junius A. TIDDY, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
Junius A. TIDDY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 91-1601, 91-1603.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1992.
Decided March 5, 1992.
As Amended March 24, 1992.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (CA-89-418-C-C-M)
 Argued: Jonathan Samuel Cohen, Tax Division, United States Department of Justice, Washington, D.C., for appellant; Richard M. Thigpen, Poyner & Spruill, Charlotte, N.C., for appellee.
 On Brief: Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Elizabeth K. Wickstrom, Tax Division, United States Department of Justice, Washington, D.C., Thomas J. Ashcraft, United States Attorney, Charlotte, N.C., for appellant.
 W.D.N.C., 762 F.Supp. 122.
 VACATED AND REMANDED.
 Before K.K. HALL, NIEMEYER and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Junius A. Tiddy and the United States appeal from a district court order entered upon cross-motions for summary judgment. We vacate the grant of summary judgment and remand to the district court.
 
 I.
 
 2
 The relevant facts are detailed in the opinion below, Tiddy v. United States, 762 F.Supp. 122 (W.D.N.C.1991), and we summarize them only to the extent needed for the disposition of this appeal.
 
 
 3
 In 1984 and 1985, plaintiff Junius A. Tiddy purchased the tax refunds and prepared the federal income tax returns of numerous taxpayers in and around Shelby, North Carolina. Tiddy did not enter his Social Security number on the returns that he prepared, and he negotiated his clients' refund checks upon their receipt. "The Internal Revenue Service found no preparer errors in a review of the returns prepared by [Tiddy]." Id. at 124. The IRS nevertheless assessed against Tiddy $170,500.00 in penalties for 1984, $9,000.00 for failing to provide his Social Security number on the returns he prepared, see I.R.C. § 6695(c), and $161,500.00 for negotiating federal income tax refund checks, see id. § 6695(f). For 1985, the IRS assessed against Tiddy another $290,425.00 in penalties, $14,925.00 for failing to provide his Social Security number and $275,500.00 for negotiating tax refund checks. The total assessments made against Tiddy by the IRS for failing to enter his Social Security number and for negotiating his clients' refund checks with their authorization thus totaled $460,925.00. As noted in the opinion below, "this sum [was] several times greater than the total profits realized by [Tiddy] from his discounting activities during the years at issue." Tiddy, 762 F.Supp. at 126.
 
 
 4
 Tiddy paid a representative penalty for each type of assessment and filed an action in the United States District Court for the Western District of North Carolina to recover penalties and interest paid. The United States counterclaimed for the balance of the penalties. On the parties' cross-motions for summary judgment, the district court held that Tiddy was an "income tax return preparer" within the meaning of I.R.C. § 7701(a)(36) and therefore subject to penalties for failing to provide his Social Security number and for negotiating tax refund checks. See Tiddy, 762 F.Supp. at 125.[1] The court declined to impose the penalties assessed against Tiddy, however, because it believed that retroactive application of its decision or Revenue Ruling 86-55, 1986-1 C.B. 373, to Tiddy's activities would be " 'unduly harsh.' " 762 F.Supp. at 125.[2] It held that its decision applied prospectively only, awarded Tiddy the representative penalties he had already paid, and denied recovery to the United States. See id.
 
 
 5
 The United States appeals the district court's failure to impose the penalties assessed against Tiddy despite its conclusion that he was an "income tax return preparer" within the meaning of I.R.C. § 7701(a)(36). Tiddy cross-appeals the court's finding that he was an "income tax return preparer."
 
 II.
 
 6
 The dispositive issue in this case is whether Tiddy "prepare[d] for compensation, or ... employ[ed] one or more persons to prepare for compensation, any return of tax ... or any claim for refund of tax." I.R.C. § 7701(a)(36) (emphasis added). If he did, he was an "income tax return preparer" subject to penalties for failing to provide his Social Security number and for negotiating tax return checks. See id. § 6695(c), (f).
 
 
 7
 The parties stipulated that Tiddy paid his clients an amount equal to a discounted portion of their expected tax refunds and that Tiddy received in payment the difference between the amount that he paid the client and the amount of the refund check that the client received from the IRS. Based on this stipulation, the IRS argues that "[s]ince Tiddy received one fee for both the preparation of his customer[s'] returns and the corresponding claims to a refund, the district court correctly found that some of the profits realized by Tiddy in his business were properly viewed as 'compensation,' or payment for the service of preparing federal income tax returns." Appellant's Reply Br. at 7. Tiddy contends that he derived all his income from buying tax refunds at a discount and that "[t]he return preparation was done solely as an accommodation to those who wanted to sell him their refunds." Appellee's Br. at 6.
 
 
 8
 A fee paid following the performance of a service or the purchase of a product and the preparation of a tax return is not, as a matter of law, necessarily in part compensation for the tax return preparation. Not even the IRS contends otherwise. See, e.g., Treas.Reg. § 301.7701-15(d)(2) (excluding from the definition of "income tax return preparer" a person who prepares "a return or claim for refund of a person, or an officer, a general partner, or employee of a person, by whom the individual is regularly and continuously employed or in which the individual is a general partner"). In this case, there is a material factual dispute over whether any portion of the payments received by Tiddy represented compensation for the preparation of tax returns, as distinguished from return on investment, or even gratuity. See I.R.C. § 7701(a)(36). Neither Tiddy nor the United States presented any evidence on this particular issue. And there was affirmative evidence by way of stipulation that when Tiddy decided against purchasing the refunds of taxpayers for whom he had prepared returns, he did not charge for preparation of those returns, a practice consistent with Tiddy's claim that he did not charge for the preparation of tax returns. See Tiddy, 762 F.Supp. at 124. There was also evidence that Tiddy had prepared tax returns on other occasions without charge. See id.
 
 
 9
 There was also no proffered evidence of the existence of an explicit or implicit agreement between Tiddy and his clients to compensate him for preparing their returns. See Treas.Reg. § 301.7701-15(a)(4) ("A person who prepares a return or claim for refund for a taxpayer with no explicit or implicit agreement for compensation is not a preparer, even though the person receives a gift or return service or favor."); Appellant's Br. at 15 (asserting without support that there was an implicit agreement between Tiddy and clients that fee was in part compensation for tax return preparation).
 
 
 10
 Finally, the IRS did not even present evidence on whether Tiddy prepared tax returns as part of a "package deal" with the sale and purchase of the tax refunds or as "part of, or ... incident to" his refund discounting charge, within the meaning of its own revenue ruling. See Rev.Rul. 86-55, 1986-1 C.B. 373.
 
 
 11
 The bald assertion by the IRS that the payments to Tiddy from his clients were for both the return preparation and the right to the refund is simply insufficient in the context of this case to prevail on a summary judgment motion. A reasonable factfinder need not, but certainly could conclude from the recited evidence, coupled with the exclusive investment purpose of the refund discounting arrangement, that no portion of the payments received by Tiddy were actually compensation for tax return preparation. Such a conclusion would be especially reasonable because of the absence of evidence of either an agreement for compensation or a "package deal." Because there existed an issue of material fact as to whether Tiddy received compensation for tax return preparation, the district court erred in holding as a matter of law that Tiddy was an "income tax preparer" within the meaning of I.R.C. § 7701(a)(36).
 
 CONCLUSION
 
 12
 The judgment of the district court is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.
 
 
 13
 VACATED AND REMANDED.
 
 
 
 [1]
 The court distinguished Papermaster v. United States, 81-1 U.S.T.C. 9217 (E.D.Wis.1980), aff'd without opinion, 685 F.2d 435 (7th Cir.1982), on the ground that this case "does not deal with the preparation of multiple returns for closely related parties." 762 F.Supp. at 125
 
 
 [2]
 In 1986, after the activities for which the IRS assessed penalties against Tiddy, the IRS promulgated Revenue Ruling 86-55. In that ruling, the IRS takes the position that persons who prepare tax returns as part of a "package deal" or as "part of, or ... incident to," refund discounting charges prepare tax returns for compensation within the meaning of I.R.C. § 7701(a)(36)