# CIRCUIT COURT OF LOUDOUN COUNTY

State Farm
Mutual Auto.
Insurance Co.

v.

Hertz Corp.

August 20, 1999

Case No. (Law) 21490

BY JUDGE JEAN HARRISON CLEMENTS

This case comes before the Court in a Motion for Declaratory Judgment suit filed on November 12, 1998, by State Farm Mutual Automobile Insurance Company, Plaintiff, against The Hertz Corporation, Defendant. Thereafter, each party filed a Motion for Summary Judgment. They have stipulated all necessary material facts for the Court's consideration of these motions, which were argued on August 4, 1999, and taken under advisement by the Court.

Michael Little, a resident of New York, commuted from his home to Virginia pursuant to his employment and on April 6, 1998, rented an automobile from Hertz at its rental facility at Dulles International Airport in Loudoun County. The vehicle was primarily garaged in Virginia. On April 8, 1998, while operating the vehicle rented from Hertz, Little was involved in an accident with one Barry Nash in Loudoun County.

Nash made a claim against both State Farm and Hertz. State Farm settled the claim and paid Nash $4,356.39 for property damage and $2,500.00 for bodily injury.

State Farm provided automobile liability insurance coverage to Little for his owned vehicle in New York which remained there for his wife and was in good working order. Relevant definitions include:

Non-Owned Car — means a car not:
1. owned by,
2. registered in the name of, or
3. furnished or available for the regular or frequent use of:
you, your spouse, or any relatives.

Temporary Substitute Car — means a car not owned by you or your spouse, if it replaces your car for a short time. Its use has to be with the consent of the owner. Your car has to be out of use due to its breakdown, repair, servicing, damage, or loss. A temporary substitute car is not considered a non-owned car.

If there is Other Liability Coverage — Temporary Substitute Car, Non-Owned Car, Trailer.

If a temporary substitute car, a non-owned car, or trailer designed for use with a private passenger car or utility vehicle has other vehicle liability coverage on it, then this coverage is excess. This coverage shall not apply:
a. If this vehicle is owned by any person or organization in a car business; and
b. if the insured or the owner has other liability coverage which applies in whole or in part as primary, excess, or contingent coverage.

Hertz has been a qualified self-insurer under the Virginia Motor Vehicle Safety Responsibility Act pursuant to a Self-Insurer Certificate issued by the Virginia Division of Motor Vehicles, effective March 6, 1961.

At the time Little rented the Hertz car, he did not purchase the optional insurance supplement, "LIS." The rental agreement provides:

By your declining the optional liability insurance supplement (LIS), paragraph 10(b) of the rental agreement terms and conditions applies to this rental. By signing below, you accept the terms of this agreement, you agree that any insurance that provides coverage to you or an authorized operator shall be primary, and knowingly waive and reject all optional coverages including, but not limited to, uninsured and underinsured motorist and supplementary no fault. In the event of any claims arising from the operation of this vehicle, such insurance shall be responsible for the payment of all personal injury and/or property damage claims up to the limits of such insurance ... .

10. Liability protection … .

(b) if you do not purchase liability insurance supplement (LIS) (a summary of LIS coverage is located on the back of this agreement) at the commencement of the rental and an accident results from the use of the car, your insurance and the insurance of the operator of the car will be primary. This means that Hertz will not grant any defense or indemnity protection under this paragraph if either you or the operator of the car are covered by any valid and collectible automobile liability insurance, whether primary, excess, or contingent, with limits at least equal to the minimum required by the applicable state financial responsibility law. If neither you nor the operator of the car have such insurance, Hertz will grant you and any authorized operator of the car limited protection under the terms and conditions stated in subparagraphs 10(a) above and 10(c) below.

The parties stipulated further facts which the Court does not recite here because the Court concludes they are not necessary to its determination.

The parties in this case frame the issues somewhat differently and as follows:

State Farm: This action involves the priority of liability insurance coverage for a personal injury and property damage claim as between the renter's personal contract of automobile liability insurance and the rental car agency's self-insurance.

Hertz: Whether under Virginia law, a self-insured rental car company and its customer may contractually agree that any personal or property damage liability insurance coverage available to the renter shall be primary to any indemnification coverage otherwise provided under the terms of a rental contract; and whether Virginia law requires a self-insured rental car company to provide an authorized driver of its rental car primary liability coverage equivalent to the limits of protection required by the "Omnibus Clause" of § 38.2-2204.

State Farm is an insurance company who issued its policy of liability insurance to Little with coverage equivalent to § 46.2-472 (coverage of driver's policy) and in conjunction with § 46.2-474 (policy must contain certain agreements; additional coverage) and § 46.2-478 (several policies together meeting requirements of Chapter), and § 38.2-2204 ("Omnibus Clause"). There is no suggestion in this case that State Farm's policy violates Virginia public policy or any statutory provision mentioned.

The facts of this case involve State Farm's obligation to Little as a driver of a "non-owned car." The policy provides that the coverage is "excess" to a

"car" that has "other vehicle liability coverage on it." State Farm and Little are agreeing that where he is the driver of another's car, it is the other car *owner's* coverage, not his *driver's* coverage that is primary (if any). But the policy continues in bold letters that if the other car is owned by someone in a *car business* and the owner has "other liability coverage" then Little's driver's coverage *shall not apply*.

Hertz here would argue that it had no liability coverage because it offered and Little refused to purchase the optional liability insurance supplement coverage and, as a self-insured company, it does not provide "policies of insurance" and has no statutory obligation to provide liability coverage, only indemnity if a driver is without a policy.

Hertz holds a certificate of self-insurance pursuant to § 46.2-368. It does so obviously, because it is registered as the owner of more than twenty motor vehicles, in its name, in Virginia. It has stipulated that it is in the business of renting cars. Defendant was awarded its certificate because the Commissioner was reasonably satisfied:

(i) that Hertz had and would continue to have financial ability to respond to a judgment against it (as provided in Chapter 3) arising out of the "ownership, maintenance, use, or operation" of its vehicles and,

(ii) the certificate provides for the uninsured (underinsured) protection of § 38.2-2206, not to exceed the requirements of § 46.2-472, and that it is secondary coverage.

Subsection C of § 46.2-368, the self-insurance statute, provides that a holder of a certificate shall not be liable to pay any judgment arising from the use or operation of a covered vehicle by someone who used or operated it without permission or who, with permission, prejudicially failed to cooperate. However, to get the benefit of this section, notice, as set forth in § 38.2-2226, must be given. This applies the same notice requirement to the "self-insured" as to one who has issued a policy of insurance.

Section 46.2-368 exempts self-insureds from "this chapter," Chapter 3, Licensure of Drivers (§§ 46.2-300 to 46.2-506) except for §§ 46.2-371 through 46.2-373 (not relevant here) which shall apply.

Then the Legislature provided specifically for businesses such as Hertz's in § 46.2-108. In this case Hertz, who was engaged in the business of renting a car, without a driver, was mandated in "D" not to do so unless the car "is an insured motor vehicle as defined in § 46.2-705."

Section 46.2-705 defines an "Insured motor vehicle." It is a motor vehicle as to which there is bodily injury liability and property damage liability insurance in amounts specified in § 46.2-472:

1. issued by an insurance carrier; or,

2. as to which there is a bond, in lieu of insurance; or,

3. as to which the owner has qualified as a self-insurer pursuant to § 46.2-368.

Hertz argues that it satisfies this statutory obligation by:

1. offering Little the optional purchase of liability coverage for a fee; and/or,

2. if not, that its owned vehicle nevertheless had liability coverage because Little, its driver, had non-owner coverage through State Farm; and/or,

3. if not, as indemnification only as a self-insurer.

It seems axiomatic that Little and Hertz cannot by any agreement they make alter the prior contract of State Farm and Little or bind State Farm, a non-party to it. State Farm's liability rests on its own contract of insurance and applicable Virginia law. As to State Farm, any obligation is pursuant to its "driver" versus its "owner" coverage. In this regard, it contracted specifically to provide excess coverage or, in the case of a vehicle owned by a car business and the owner has other liability coverage, *no* "driver" coverage.

The Legislature in determining the public policy of the Commonwealth of Virginia pertaining to businesses such as that of Hertz required it in § 46.2-108 to rent only an "insured motor vehicle." The statutory focus of § 46.2-108 is upon the owner, not the driver, of the vehicle. A careful reading of § 46.2-368 also reveals that a Certificate is held by one who is the owner of vehicles rather than the driver. In this case, Hertz could satisfy its obligation in one of two ways, the first of which was by having Little, as driver, select and pay for the liability insurance supplement, which he elected not to do. The other statutorily acceptable method was as "self-insurer pursuant to § 46.2-368," which it did. Little, as a permissive driver of the owner, Hertz, is within the contemplation of the certificate and the statute. Sections 46.2-368, 46.2-108, and 46.2-705 require Hertz to be liable as provided in § 46.2-368.

To the extent they are relevant here, the Court further adopts the authorities cited and the conclusions therefrom of *Erie Ins. Exch. v. Rapid Rentals, Inc.*, 46 Va. Cir. 301 (Charlottesville, 1998).

For all of the reasons set forth in this opinion, the Motion for Summary Judgment of Plaintiff, State Farm, is granted and the Motion for Summary Judgment of Defendant, Hertz, is denied.