# CIRCUIT COURT OF THE CITY OF RICHMOND

Bernard Bonner

v.

Patricia Watkins et al.

January 12, 2000

Case No. HK-1563-3

BY JUDGE T. J. MARKOW

The parties appeared for trial on the Complainant Bernard Bonner's Motion for Declaratory Judgment and memoranda were received and argument was heard.

In the underlying action, Complainant alleges that Defendant Patricia Watkins is liable for injuries sustained in a car accident on February 20, 1999, where Defendant was driving a rented vehicle. The court must decide which insurance company is primarily liable for the claim against Defendant Watkins, Empire Fire and Marine Insurance Companies, who insured the rental car, or GEICO General Insurance Company, who insured Defendant as a driver. Both insurance companies are named as co-defendants.

On or about February 17, 1999, Watkins rented a car from Autolease Car Rental while her own car was being repaired. A copy of the rental agreement is attached to Complainant's Memorandum of Law. On February 20, 1999, Defendant, driving the rented car, was involved in an auto accident. The accident gave rise to the underlying claim against Defendant. At the time of the accident, Autolease had a liability insurance policy covering the car, issued by Empire Fire. In the rental agreement, Defendant Watkins signed the Collision Damage Waiver which indicates that "renter is responsible for any

and all physical damage to the vehicle." Simultaneously, Defendant Watkins was covered by a liability policy issued by GEICO.

Paragraph 11(a) of Autolease's contract with Defendant Watkins states that the coverage Autolease provides "will be used after any other insurance available to Renter [Watkins] or any Additional Driver (Secondary to Renter's insurance)." Paragraph 16 of the contract states that Watkins as the Renter "shall not be considered the agent or employee of Lessor [Autolease] for any purpose whatsoever."

Autolease's policy with Empire Fire names Autolease as the insured. Attached to GEICO's Memorandum of Law is a copy of an endorsement to the Empire Fire policy which reads:

> *Leasing or Rental Concerns — Limited Coverage for Lessees*
> LIABILITY INSURANCE for a covered **auto** principally used or garaged in Virginia is changed as follows:
> WHO IS INSURED does not include (1) any lessee or borrower of an **auto** leased or loaned by **you** while anyone is repairing or servicing another **auto** for the lessee or (2) the lessee of an **auto** leased by **you** for six months or more. However, if a lessee:
> A. Has no other available insurance (whether primary, excess, or contingent), he or she is an **insured**, but only up to the applicable compulsory or financial responsibility law limits.
> B. Has other available insurance (whether primary, excess, or contingent) less than the applicable compulsory or financial responsibility law limits, he or she is an **insured** only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.

(Bold in original.)

Empire also requests that the court note another endorsement in its consideration which replaces Paragraph 1 of Section B of Part VI and announces, in part:

> This insurance is excess for any covered auto you rent or lease to a rentee or other driver designated in a "rental agreement" that is a temporary substitute or replacement auto. For any other covered auto you own this policy provides primary insurance.

The parties framed two issues for the purposes of this motion, both dealing with the application, if any, of certain statutes to Empire Fire's

insurance contract. The first issue involves whether Va. Code § 38.2-2205(A)(1) applies here. That paragraph states:

> Each policy or contract of bodily injury or property damage liability insurance which provides insurance to a named insured in connection with the business of ... leasing ... motor vehicles, against liability arising from the ownership, maintenance, or use of any motor vehicle incident thereto shall contain a provision that the insurance coverage applicable to those motor vehicles shall not be applicable to a person other than the named insured and his employees in the course of their employment if there is any other valid and collectible insurance applicable to the same loss covering the other person under a policy with limits at least equal to the financial responsibility requirements specified in § 46.2-472 [$25,000 per person/$50,000 total per accident].

Va. Code § 38.2-2205(A)(1) (1950). The paragraph continues:

> Such provision shall apply to motor vehicles which are ... loaned or leased to the other person as a convenience during the repairing or servicing of a motor vehicle for the other person, or leased to the other person for a period of six months or more. This provision shall apply whether such repair or service is performed by the owner of the vehicle being loaned or leased or by some other person or business.

*Id.*

GEICO first argues that the General Assembly intended to give insurance relief to businesses that lend a customer a vehicle while the same business works on the customer's own vehicle. In support, GEICO cites *Aetna Casualty Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 212 Va. 15 (1971), and *Government Employees Ins. Co. v. Universal Underwriters Ins. Co.*, 232 Va. 326 (1986). Both cases, however, deal with a now repealed statute, § 38.1-381. Furthermore, the current statute, Va. Code § 38.2-2205, "shall apply whether such repair or service is performed by the owner of the vehicle being loaned or leased or by some other person or business." *See id.* at (A)(1).

Notwithstanding, GEICO urges the court to adopt a circuit court's interpretation of the repealed law which was mentioned, but not adopted by the Supreme Court. *See Universal Underwriters Ins. Co.*, 232 Va. at 327-28. Thus, GEICO asserts that the statute at issue, Va. Code § 38.2-2205, though different, follows the earlier act. The court disagrees that the new text follows

the old as closely as GEICO implies, and therefore, believes a new purpose must have been effected by the new enactment.

The court assumes "that [the General Assembly's] amendments to the law are purposeful and not unnecessary or vain." *See Cape Henry v. National Gypsum Co.*, 229 Va. 596, 600 (1985); *see also Powers v. County School Bd.*, 148 Va. 661, 669 (1927). While the old statute applied to companies "in the business of *selling, repairing, servicing, storing*, or *parking* motor vehicles," *see Aetna Casualty*, 212 Va. at 16 (emphasis in original), the current law also encompasses companies in the business of *"leasing." See* Va. Code § 38.2-2205(A)(1) (1950) (emphasis added). Given the marked difference between the former and current statutes, the court rejects GEICO's arguments based on decisions interpreting the statute before amendment.

Next, GEICO argues that Va. Code § 38.2-2205(A)(1) does not apply to the rental agreement between Defendant Watkins and Autolease because the statute uses the term "lease" rather than "rent." In order to show that the General Assembly draws a distinction between renting and leasing, GEICO cites other provisions of the Code including §§ 46.2-108 (Records required of persons renting motor vehicles without drivers; inspections; insurance), 38.2-1800 (Definitions for Article 1 of Chapter 18 of Title 38.2), and 46.2-619 (New indicia of title; procedure as to leased vehicles). Each provision cited deals with either rental or leasing vehicles; no provision expressly distinguishes one form of loan from the other. Furthermore, GEICO cites two circuit court opinions which cases, GEICO concedes, are factually inapposite.

Before addressing the issue of statutory construction, the court rejects the circuit court cases cited by GEICO as helpful. The first does not address the applicability of Va. Code § 38.2-2205 and involves a contract much different from the one at issue here. *See State Farm Mutual Auto. Ins. Co. v. Chrysler Ins., et al.*, Chancery No. 95-647 (Arlington Cir. Ct. 1996) (Sheridan, J.). The second also does not decide the applicability of Va. Code § 38.2-2205 and decides against the rental company, Hertz, under law applicable to self-insurers, which is not implicated here. *See State Farm Mut. Auto. Ins. Co. v. Hertz Corp.*, 50 Va. Cir. 208 (Loudoun County 1999) (Clements, J.). Thus, the issue presented is whether Autolease was "in the business of ... *leasing* ... motor vehicles" when it executed the rental contract such that § 38.2-2205 applies to its liability insurance contract with Empire Fire. As neither "leasing" nor "renting" is expressly defined, the court turns to common law principles of construction.

To answer the question posed here, the court notes that "where the language of a statute is free from ambiguity, its plain meaning is to be accepted without resort to the rules of [statutory] interpretation." *Portsmouth*

*v. Chesapeake*, 205 Va. 259, 269 (1964) (citations omitted); *see also City of Martinsville v. Tultex Corp.*, 238 Va. 59, 69 (1989). However, "[w]hen the proper construction of a law is not clear from the words of a statute, the legislative intent is to be gathered from the occasion and necessity of the law ... the causes which moved the Legislature to enact it." *Ambrogi v. Koontz*, 224 Va. 381, 386-87 (1982) (quoting *Vicars v. Sayler*, 111 Va. 307, 309 (1910), and *Fox's Adm'r v. Commonwealth*, 57 Va. (16 Gratt.) 1, 9 (1860)); *see also Richmond v. Sutherland*, 114 Va. 688, 691-93 (1913) (internal quotations omitted).

Here, the meaning of "leasing" in Code § 38.2-2205 becomes ambiguous when read with the rest of that section. Thus, the court must look for the General Assembly's intent behind the provision.

GEICO offers the text of a bill considered by the Legislature, but not passed, which included rentals in the latter part of Va. Code § 38.2-2205. GEICO argues that the language was struck because the General Assembly intended to exclude rentals while including leases. While GEICO may be correct, the court acknowledges Empire Fire's argument that the language may have been struck as surplusage. Empire Fire also offers a plausible explanation for the gradual additions to the language of Code § 38.2-2205, saying that the Legislature reacted to court decisions in an effort to include people in the business of renting or leasing. Nonetheless, GEICO's argument that the changes, in fact, evidence a rejection of Empire Fire's position has equal merit.

The court finds that the legislative history of the statute does not conclusively evidence a clear purpose for the statute. In practicality, Code § 38.2-2205 serves many functions including prioritizing various liability insurance obligations which benefits reach not only the leasing companies, but consumers and insurance companies, as well.

Finding the history unhelpful, the court looks to the provisions surrounding Code § 38.2-2205 which deal with the same subject matter to determine whether the General Assembly intended a distinction between the terms "rent" and "lease." *See Board of Zoning Appeals v. Kahhal*, 255 Va. 476, 480-81 (1998); *see also Sims v. United States*, 252 F.2d 434 (4th Cir. 1958), *aff'd*, 359 U.S. 108 (1959); *Burcham v. J. P. Stevens & Co.*, 209 F.2d 35 (1954).

The court looks to Code § 38.2-1800, cited by GEICO, which actually references § 38.2-2205. Section 38.2-1800 defines a "Motor vehicle *rental* contract insurance agent" as a person "licensed in the Commonwealth ... to solicit, negotiate, procure, or effect ... insurance coverages solely in connection with and incidental to the *rental* contract." (Emphasis added.)

Among the coverages is "[l]iability coverage sold to the *renter* in excess of the *rental* company's obligations under" § 38.2-2205. *See* Va. Code § 38.2-1800 (1950) (emphasis added). ·

The definition was added to the Code section in 1998, after § 38.2-2205 existed in its current state. The court presumes that "the legislature acted with full knowledge of the law as it stood bearing on the subject with which it proposed to deal." *See Cape Henry*, 229 Va. at 600-01 (1985); *see also Powers*, 148 Va. at 669 (1927). Therefore, when it amended § 38.2-1800, the General Assembly must have intended rental contracts to be included in the "business of selling, leasing, repairing, servicing, storing, or parking motor vehicles" under Code § 38.2-2205 as that section has stood since last amended in 1992. Any other reading of the statutes together would lead to an inconsistency in the Code and render the language of § 38.2-1800 meaningless.

The court recognizes that some distinction between leased vehicles and rented vehicles could exist under Section 619 of Title 46.2 of the Code of Virginia entitled "New indicia of title; procedure as to leased vehicles." However, the court is convinced that the definition in Section 1800 of Title 38.2, which unequivocally references Section 2205 of the same title, provides the correct basis for resolution of the first issue presented here.

Finally, the General Assembly could reasonably believe, as the court decides it must have believed, that the terms "rent" and "lease" are interchangeable in the context here. Defining the term "lease," *Black's Law Dictionary* (6th ed. 1990) includes:

> When used with reference to tangible personal property, word "lease" means a contract by which one owning such property grants to another the right to possess, use, and enjoy it for specified period of time in exchange for periodic payment of a stipulated price, referred to as *rent*.

*Id.* at 889. "The word when used as a verb, means ... to rent." *Id. Black's* considers the legal term "rent" to mean "the compensation or fee paid ... for any rental property, land, buildings, equipment, etc.," i.e., money paid for a lease. *Id.* at 889, 1297. Thus, a statute governing leases may equally govern rentals, especially considering that the terms are not defined in the Code and given their synonymous legal definitions.

The second issue regards whether the first endorsement, mentioned above as modifying Empire Fire's policy, violates § 46.2-108(D) of the Virginia Code. Section 46.2-108(D) states:

No person engaged in the business of renting automobiles and trucks without drivers shall rent any vehicle without a driver unless the vehicle is an insured motor vehicle as defined in § 46.2-705. A violation of this subsection shall constitute a Class 1 misdemeanor.

Section 46.2-705 defines "insured motor vehicle," in relevant part, as:

a motor vehicle as to which there is bodily injury liability insurance and property damage liability insurance, both in the amounts specified in § 46.2-472, issued by an insurance carrier authorized to do business in the Commonwealth ....

GEICO argues that the endorsement entitled "Leasing or Rental Concerns — Limited Coverage for Lessees" is in violation of § 46.2-108(D) because the endorsement covers either the driver or the owner of the vehicle, where Code § 46.2-108(D) requires that coverage run to the motor vehicle itself.

Furthermore, GEICO argues that the definition in Code § 38.2-1800, discussed above in this opinion, shows that the General Assembly recognizes "that the rental company has already provided minimum liability coverage on the vehicle rented." Ironic in the context of its arguments on the first issue in this case, GEICO asserts on brief that the General Assembly's recognition is evident because an agent may sell coverage above the rental company's obligations under, *inter alia*, Code § 38.2-2205.

GEICO ends by asserting an infirmity in the rental agreement between Autolease and Defendant Watkins because the agreement does not explain the endorsement in the company's liability insurance contract. GEICO charges that the endorsement is a carved out exception to the coverage afforded under § 46.2-108(D).

Empire Fire contends that the remainder of the endorsement, beginning, "However, if a lessee . . ." saves the provision by providing uninsured renters with primary coverage and by giving underinsured renters excess coverage. Importantly, the vehicle and renter in both cases are guaranteed to be insured up to the minimum amounts required by § 46.2-472. Empire argues that the challenged endorsement follows Code § 38.2-2205 where a customer rents a vehicle to replace his own car during repair. The court agrees.

As already set forth above, statutes must be construed to exist consistent with one another. *See Kahhal*, 255 Va. at 480-81; *see also Sims*, 252 F.2d 434 (1958); *Burcham*, 209 F.2d 35 (1954). Considering the court's ruling that the rental agreement in this case is covered by Code § 38.2-2205, GEICO's

interpretation of Code § 46.2-108(D) renders the two sections inconsistent with each other. Therefore, the court finds that the coverage scheme set forth in Code § 38.2-2205 renders the vehicle in the accident an "insured motor vehicle," satisfying § 46.2-108(D), if the insurance agent executing the rental contract is authorized to do business in the Commonwealth. A "Motor vehicle rental contract insurance agent" as defined in Code § 38.2-1800 is so authorized by definition. Therefore, Empire Fire's liability insurance policy does not violate § 46.2-108(D).

It is therefore ordered that Declaratory Judgment is entered in favor of Plaintiff Bernard Bonner and against Defendant GEICO General Insurance Company and declares that, as it relates to the accident of February 20, 1999, involving Plaintiff Bernard Bonner and Defendant Patricia Watkins, GEICO General Insurance Company's liability insurance policy offers primary coverage to Defendant Patricia Watkins, and the liability insurance policy of Empire Fire and Marine Insurance Companies only provides excess insurance up to the amounts required under § 46.2-472 of the Code of Virginia.