STATE *ex rel.* BOARD OF GOVERNORS OF WEST VIRGINIA UNIVERSITY, A CORPORATION, AND THE TEACHERS RETIREMENT BOARD

*v.*

EDGAR B. SIMS, AUDITOR

(No. 10438)

Submitted January 9, 1952. Decided January 29, 1952.

*William C. Marland,* Attorney General, *Thomas J. Gillooly,* Assistant Attorney General, for relators.

*Milton S. Koslow,* for respondent.

GIVEN, JUDGE:

Petitioners, the Board of Governors of West Virginia University and the Teachers Retirement Board, suing in the name of the State of West Virginia, seek a peremptory writ of mandamus requiring the defendant, Edgar B. Sims, Auditor of the State of West Virginia, to honor certain requisitions issued by the Board of Governors, and to issue, or authorize the issuance, of warrants directing the payment of certain sums unto certain indi-

viduals named in the petition, for services claimed to have been performed by them for West Virginia University. The defendant demurred to the petition filed, and the matter is disposed of on petition, demurrer, briefs and oral arguments.

The Board of Governors of West Virginia University is a corporation created by the Legislature for the purpose of governing the educational and business affairs of the university, and is vested with general authority to employ such persons as may be necessary for the proper operation of the university. The Teachers Retirement Board is an administrative body created by the Legislature and is vested with the general administrative affairs of the teachers retirement system. The defendant, Auditor of the State of West Virginia, is the officer charged with the duties of honoring or dishonoring the requisitions for payment of the claims of the individuals named in the petition as being entitled to have warrants issued unto them.

The individuals named in the petition as being entitled to have warrants issued are retired employees of the university and were, during the time material, receiving annuities or prior service allowances from the teachers retirement benefit fund, in accordance with the provisions of Chapter 36 of the Acts of the Legislature, 1941, now Code, 18-7A, and in accordance with Rules promulgated by the Teachers Retirement Board. These individuals were employed by the Board of Governors for less than "half time service" from January 1, 1950, to June 30, 1950, inclusive. The services for which they were so employed were incident to and necessary for the operation of the university, but they were not employed as "teachers", nor were any of them employed "regularly" in any capacity by the State of West Virginia. The petition alleges that "Such persons were able and competent to perform the services incident to such employment and did actually perform the services for which they were paid by warrants on the State Treasurer, authorized by respondent, from January 1, 1950, to June 30, 1950, inclu-

sive." The petition also alleges that "Information was submitted to the Teachers Retirement Board by the Board of Governors as to the circumstances of said employment, and the Retirement Board determined in each case that said persons were not being 'regularly employed for at least half time service' ".

Payment to such part time service employees was made from the university personal services appropriation and, subsequent to the payment for such part time employment, defendant ruled that the part time employment was unauthorized and that the payment from the university personal services appropriation was illegal. Thereafter, commencing with July, 1950, defendant refused to honor requisitions submitted to him by the Board of Governors for such part time employment, and withheld payment to such employees of certain sums due them as annuities or prior service allowances, and applied the sums so withheld as credits to the respective accounts of the individuals to whom he claimed illegal payments had been made for part time services.

By Chapter 79 of the Acts of the Legislature, 1951, effective February 16, 1951, now Code, 18-7A-2 (a), the Legislature provided: "The governing boards of state educational institutions shall have authority to provide retirement benefits for teachers and other employees who have served at the institutions under their control, to supplement benefits received by such employees under the state teachers' retirement system. Payment therefor shall be made from funds appropriated for personal services at the institution from which the teacher or employee was retired, and the amount thereof shall be determined in accordance with rules promulgated by the governing board of the institution." After the effective date of this act defendant honored all requisitions issued by the Board of Governors for part time services of such employees, but withheld delivery of certain of the warrants and instead applied the same to the credit of the respective accounts of the individuals to whom he claimed illegal payments for part time services had been made.

The controlling issue relates to the right or authority of the Board of Governors to employ the individuals named in the petition, in the circumstances and in the manner detailed above. If such employment were under proper authority, other questions briefed become immaterial. Apparently defendant's contentions are that the persons to whom warrants were issued for part time services were not actually employed and rendered no service to the university, and that payment to such employees was in violation of provisions of Section 38 of Article VI, and Section 6 of Article X, of the State Constitution.

As to the first contention, this Court must consider as true the allegations in the petition that the Board of Governors employed for less than "half time service" such individuals, and that "Such persons were able and competent to perform the services incident to such employment and did actually perform the services for which they were paid * * *." We must also accept as true the allegations contained in the petition to the effect that such individuals were not employed as "teachers" and were not regularly employed by the State, and that "the retirement board determined in each case that such persons were not being 'regularly employed for at least half time service.' " Nevertheless, we must find statutory authority, expressed or necessarily implied, authorizing such employment by the Board of Governors.

Chapter 89 of the Acts of the Legislature, 1947, now Code, 18-11-1a, reads: "The control of the financial, business and all other affairs of the West Virginia university and of Potomac state school is hereby transferred from the state board of control to the board of governors. The board of governors shall, in respect to the control, management and property of such institutions, have the same rights and powers and shall perform the same duties as were heretofore exercised or performed by the state board of control. The title to all property of such institutions is hereby transferred to and vested in the board of governors." This provision is broad and all-inclusive,

though definite and certain, and undoubtedly authorizes the Board of Governors generally to employ such persons as may be deemed necessary for the proper operation or management of the university, whether for full time or part time employment. The defendant contends, however, that the statute should not be applied in the instant case, for the reason that the employees here involved were retired from employment at the university, and were receiving annuities or retirement benefits, and that they could not receive such annuities or retirement benefits and be employed at the same time. We reach a different conclusion.

Section 13-a of Chapter 76 of the Acts of the Legislature, 1947, amending Chapter 43, Acts, 1943, now Code, 18-7A-13a, reads in part:

"For the purpose of this section, reemployment of a former or retired teacher as a teacher shall in no way impair such teacher's eligibility for a prior service pension, or any other benefit provided by this article.

"Retired teachers, who qualified for an annuity because of age or service, shall not receive prior service allowance from the retirement board when employed as a teacher and when regularly employed by the state of West Virginia. * * *."

Section 3 of Chapter 36 of the Acts of the Legislature, 1941, as amended, now Code, 18-7A-3, defines "teacher" as follows: " 'Teacher' shall include the following persons, if regularly employed for at least half time service: (a) Any person employed for instructional service in the public schools of West Virginia; (b) principals; (c) public school librarians; (d) county superintendents of schools; (e) any county school attendance director holding a West Virginia teachers' certificate; (f) the executive secretary of the retirement board; (g) members of the research, extension, administrative or library staffs of the public schools; (h) the state superintendent of schools, heads and assistant heads of the divisions under his supervision, or any other employee thereunder performing services of

an educational nature; (i) employees of the state board of education who are performing services of an educational nature; (j) any person employed in a non-teaching capacity by the state board of education, the board of governors of West Virginia University, any county board of education, the state department of education or the teachers retirement board, if such person was formerly employed as a teacher in the public schools; (k) all classroom teachers, principals, and educational administrators in schools under the supervision of the state board of control."

Section 4 of Chapter 36 of the Acts of the Legislature, 1941, now Code, 18-7A-4, provides that the teachers retirement board "shall make all necessary rules and regulations to carry out the provisions of this article." Pursuant to such authority the Teachers Retirement Board, in 1945, adopted and promulgated "Rules of the Teachers Retirement Board", Section 18 of which reads as follows:

"(a) In college teaching, 'half time service' shall mean teaching at least seven semester hours of college credits per week.

"(b) In public school teaching, 'half time service' shall mean teaching at least three hours daily."

The statutory provisions quoted, we think, disclose a clear intent on the part of the Legislature to vest in the Board of Governors the right to exercise authority in employing persons necessary for the operation or management of the university, either for full time or part time service, except as restricted by the quoted provisions of Section 13-a of the Acts of 1947. The first clause of that section clearly authorizes the employment of a retired teacher even as a "teacher", but withholds the benefits that would otherwise accrue to such teacher from the teachers retirement benefit fund if such person is employed as a "teacher". But, as previously noticed, the petition herein alleges that the individuals claimed to be entitled to pay for part time services from January 1 to June 30, 1950, "were not employed as teachers; 'nor were

they regularly employed in any capacity by the State of West Virginia'" during the time such part time services were performed. The second clause of the last mentioned section merely denies payment of any annuity or prior service allowance when the retired employee is reemployed "as a teacher and when regularly employed by the State of West Virginia." Here, we think, is express authority to the Board of Governors to reemploy retired teachers. The only restriction appears to be that if the retired employee is reemployed "as a teacher and when regularly employed by the State", the annuity or prior service allowance would necessarily be denied during the time of such reemployment. This does not amount to a restriction upon the right to reemploy such person. It is only a restriction upon the payment of the annuity or prior service allowance, and has no application where the person reemployed is not reemployed as a teacher.

Moreover, Section 3 of Chapter 36 of the 1941 Acts defines "Teacher" as a person "regularly employed for at least half time service" within certain classifications. The employees here claimed to be entitled to payment for part time services do not fall within that definition, for they were employed for less than half time service. Neither does it appear that they were employed for as much as half time service within the meaning of Section 18 of the Rules promulgated by the Teachers Retirement Board in 1945.

Defendant would apply here the rule laid down in the case of *State* v. *Sims*, 133 W. Va. 239, 55 S. E. 2d 505, but the basic facts are not the same. In that case the Board of Governors of West Virginia University sought a peremptory writ of mandamus requiring the Auditor to honor requisitions drawn in favor of certain retired employees of the university, for the most part the same employees named in the petition in the instant case. In the prior case payment was requested to be made from the personal services appropriation for the university, as an additional or supplemental annuity or prior service allowance, not as payment for services rendered, as in

the present case. No statutory authority, expressed or necessarily implied, prior to the effective date of Chapter 79 of the 1951 Acts, permitted the Board of Governors to provide for any retirement benefits and to pay for the same out of such appropriation, beyond the benefits provided by the general retirement system for employees of the university. In the absence of such statutory authority such payments would have constituted mere gratuities and would have been in contravention of provisions of the State Constitution. But, as previously pointed out, the amounts claimed in the instant case to be owing the employees are for services rendered by them to the university. In the prior case the question for the Court was whether the Board of Governors was authorized to provide mere gratuities in the nature of supplemental retirement benefits for retired employees. In the instant case the question relates to the power of the Board of Governors to employ, for less than half time services, retired employees of the university.

We conclude, therefore, that the Board of Governors acted within its authority in the employment of the individuals named in the petition herein; that such employees were entitled to payment for the services rendered; that such employment did not affect the right of such employees to receive annuities or prior service allowances from the teachers retirement benefit fund; and that a peremptory writ of mandamus should be awarded, as prayed for.

*Writ awarded.*