## SIMS *v.* UNITED STATES.

No. 88.   Argued February 26, 1959.—Decided March 23, 1959.

*Fred H. Caplan,* Assistant Attorney General of West Virginia, argued the cause for petitioner.   With him on the brief was *W. W. Barron,* Attorney General of West Virginia.

*Melva M. Graney* argued the cause for the United States.   With her on the brief were *Solicitor General Rankin, Assistant Attorney General Rice* and *Joseph Kovner.*

MR. JUSTICE WHITTAKER delivered the opinion of the Court.

The Commissioner of Internal Revenue assessed an income tax deficiency against each of three residents of West Virginia and forwarded the assessment lists to the

Director of Internal Revenue at Parkersburg for collection. The deficiencies remaining unpaid for more than 10 days after demand for payment and the taxpayers being then employed by the State of West Virginia, the Director issued notices of levy directed to the State of West Virginia and served them on petitioner, as the State Auditor, seizing the accrued salaries of the taxpayers pursuant to § 6331 of the 1954 Internal Revenue Code, 26 U. S. C. (Supp. V) § 6331.[1] Petitioner refused to honor the levies and instead issued and delivered payroll warrants to the taxpayers for their then accrued net salaries aggregating $519.71.[2] Thereafter the Government brought this suit in the Federal District Court against petitioner under § 6332 of the 1954 Internal Revenue Code, 26 U. S. C. (Supp. V) § 6332,[3] to recover from

---

[1] 26 U. S. C. (Supp. V) § 6331, in pertinent part, provides:

"(a) Authority of secretary or delegate.—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax . . . by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer . . . .

"(b) Seizure and sale of property.—The term 'levy' as used in this title includes the power of distraint and seizure by any means. In any case in which the Secretary or his delegate may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)."

[2] The assessment against each of the taxpayers substantially exceeded in amount the accrued salary owing to each at the time of the levies.

[3] 26 U. S. C. (Supp. V) § 6332 provides:

"(a) Requirement.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon

him personally the $519.71 that he had so paid to the taxpayers in disobedience to and defeat of the Government's levies. The District Court rendered judgment for the Government and the Court of Appeals affirmed, 252 F. 2d 434. Certiorari was sought on the grounds that § 6331 does not authorize a levy on the accrued salaries of employees of a State, and that, if it be held that it does, petitioner was not a person "obligated with respect to" the accrued and seized salaries, within the meaning of § 6332, and, therefore, is not personally liable for refusing to surrender them to the Government. We granted the writ to determine those questions. 358 U. S. 809.

Nothing in the Constitution requires that the salaries of state employees be treated any differently, for federal tax purposes, than the salaries of others, *Helvering* v. *Gerhardt,* 304 U. S. 405; *Graves* v. *New York ex rel. O'Keefe,* 306 U. S. 466, and it is quite clear, generally, that accrued salaries are property and rights to prop-

---

which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) Penalty for violation.—Any person who fails or refuses to surrender as required by subsection (a) any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy.

"(c) Person defined.—The term 'person,' as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to property, or to discharge the obligation."

erty subject to levy.[4]   In plain terms, § 6331 provides
for the collection of assessed and unpaid taxes "by levy
upon all property and rights to property" belonging to a
delinquent taxpayer.[5]   Pursuant to that statute a regula-
tion was promulgated expressly interpreting and declar-
ing § 6331 to authorize levy on the accrued salaries of
employees of a State to enforce collection of any federal
tax.[6]

Although not disputing these principles, petitioner
advances two arguments in support of his claim that
the statutes do not authorize a levy on the accrued sal-
aries of employees of a State.   First, he contends that
a State is not a "person" within the meaning of § 6332,
and, second, he argues that Congress, by specifically
authorizing in § 6331 a levy "upon the accrued salary or
wages of any officer, employee, or elected official, of the
United States, the District of Columbia, or any agency
or instrumentality" thereof, but not similarly specifically
authorizing levy upon the accrued salaries or wages of

---

[4] *Glass City Bank* v. *United States*, 326 U. S. 265, 268; *United
States* v. *Long Island Drug Co.*, 115 F. 2d 983, 986 (C. A. 2d Cir.);
9 Mertens, Law of Federal Income Taxation (Rev.), § 49.205.

[5] The only property exempt from levy is that listed in § 6334 (a)
of the 1954 Internal Revenue Code, 26 U. S. C. (Supp. V) § 6334 (a),
consisting of certain personal articles and provisions.   It does not
exempt salaries or wages.

[6] Section 301.6331-1 (a) (4) (ii) of Treasury Regulations relating
to Seizure of Property for Collection of Taxes (1954), 26 CFR
(revised as of January 1, 1958) § 301.6331-1 (a) (4) (ii), in pertinent
part, provides:

"*State and municipal employees.*   Accrued salaries, wages, or
other compensation of any officer, employee, or elected or appointed
official of a State or Territory, or of any agency, instrumentality, or
political subdivision thereof, are also subject to levy to enforce
collection of any Federal tax."

This Regulation became effective on January 1, 1955, 1955-1 Cum.
Bull., p. 195, § 7851, and therefore prior to the service on petitioner
of the Government's notices of levy in October 1955.

employees of a State, evinced its intention to exclude the latter from such levies.

Though the definition of "person" in § 6332 does not mention States or any sovereign or political entity or their officers among those it "includes" (Note 3), it is equally clear that it does not *exclude* them. This is made certain by the provisions of § 7701 (b) of the 1954 Internal Revenue Code that "The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." 26 U. S. C. (Supp. V) § 7701 (b). Whether the term "person" when used in a federal statute includes a State cannot be abstractly declared, but depends upon its legislative environment, *Ohio* v. *Helvering,* 292 U. S. 360, 370; *Georgia* v. *Evans,* 316 U. S. 159, 161. It is clear that § 6332 is stated in all-inclusive terms of general application. "In interpreting federal revenue measures expressed in terms of general application, this Court has ordinarily found them operative in the case of state activities even though States were not expressly indicated as subjects of tax." *Wilmette Park Dist.* v. *Campbell,* 338 U. S. 411, 416, and cases cited. We think that the subject matter, the context, the legislative history, and the executive interpretation, *i. e.,* the legislative environment, of § 6332 make it plain that Congress intended to and did include States within the term "person" as used in § 6332.

Nor is there merit in petitioner's contention that Congress, by specifically providing in § 6331 for levy upon the accrued salaries of federal employees, but not mentioning state employees, evinced an intention to exclude the latter from levy. The explanation of that action by Congress appears quite clearly to be that this Court had held in *Smith* v. *Jackson,* 246 U. S. 388, that a federal disbursing officer might not, in the absence of express congressional authorization, set off an indebtedness of a federal em-

ployee to the Government against the employee's salary, and, pursuant to that opinion, the Comptroller General ruled that an "administrative official served with [notices of levy] would be without authority to withhold any portion of the current salary of such employee in satisfaction of the notices of levy and distraint." 26 Comp. Gen. 907, 912 (1947). It is evident that § 6331 was enacted to overcome that difficulty and to subject the salaries of federal employees to the same collection procedures as are available against all other taxpayers, including employees of a State.

Accordingly we hold that §§ 6331 and 6332 authorize levy upon the accrued salaries of state employees for the collection of any federal tax.

This brings us to petitioner's contention that even if the salaries of state employees are subject to levy, he is not personally liable to the Government for refusing to honor its levies because, contrary to the holding of the courts below, he was not a person "obligated with respect to" the salaries covered thereby. Congress did not define the questioned phrase, nor do we feel called upon here to delimit its scope, for we think it includes, at least, a person who has the sole power to control disposition of the fund, and we also think that, under the West Virginia law, petitioner both had and exercised that power. By a West Virginia statute, 1 W. Va. Code, 1955, § 1031 (1), he was empowered and obligated to deduct and withhold from the salaries of state employees sums "to pay taxes as may be required by an act or acts of the congress of the United States of America"; and, similarly, another West Virginia statute, 2 W. Va. Code, 1955, § 3834 (18), authorizes garnishments to be served upon him to sequester the salaries of state employees. He alone has the obligation and power to issue warrants for the payment of salaries, and state employees entitled to payment for services may enforce their rights by mandamus against him. *State*

*ex rel. Board of Governors of West Virginia University* v. *Sims,* 133 W. Va. 239, 55 S. E. 2d 505; *State ex rel. Board of Governors of West Virginia University* v. *Sims,* 136 W. Va. 789, 68 S. E. 2d 489; *State ex rel. Board of Governors of West Virginia University* v. *Sims,* 140 W. Va. 64, 82 S. E. 2d 321. By and to the extent of these West Virginia laws petitioner was obligated and empowered in respect to the sequestered salaries. These laws empowered him completely to control the disposition of that fund. He exercised that power by refusing to honor the Government's valid levies and to surrender the fund to the Government. Instead he surrendered the fund to the taxpayers. That action by petitioner resulted in defeat of the Government's valid levies.

Upon these principles four judges who are constantly required to pass upon West Virginia laws have held that, under the law of that State, petitioner is a person who was obligated with respect to the salaries covered by the Government's levies. Their conclusion appears to be founded on reason and authority, and under familiar principles will be accepted here. *Propper* v. *Clark,* 337 U. S. 472, 486–487. Being a person who, under the law of West Virginia, was obligated with respect to the salaries covered by the Government's levies, petitioner is, by § 6332 (b), made personally liable to the Government in a sum equal to the amount, not exceeding the delinquent taxes, which he refused to surrender to the Government but surrendered instead to the taxpayers in defeat of the Government's levies. The judgment of the Court of Appeals was therefore correct and must be

*Affirmed.*