COMMONWEALTH OF MASSACHU-
SETTS et al., Defendants,
Appellants,

v.

UNITED STATES of America,
Plaintiff, Appellee (two cases).

Nos. 5826, 5867.

United States Court of Appeals
First Circuit.

Submitted Nov. 9, 1961.

Decided Nov. 29, 1961.

Edward J. McCormack, Jr., Atty. Gen. of Massachusetts, James J. Kelleher, Asst. Atty. Gen., and P. J. Piscitelli, Boston, Mass., on briefs, for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, and Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., W. Arthur Garrity, Jr., U. S. Atty., and Daniel B. Bickford, Asst. U. S. Atty., Boston, Mass., on consolidated brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

These are appeals from judgments entered for the United States in two actions brought by it under § 6332 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6332, against the Commonwealth of Massachusetts and the individual who at the pertinent times was serving as its Treasurer to recover amounts paid to employees of the Commonwealth by the Treasurer in disobedience of and to defeat notices of levy duly served upon him. pursuant to § 6331. It is not disputed that the Commonwealth employees

concerned were in default in their federal income taxes at the time the notices of levy were served, or that notices were served and demands made upon the taxpayers more than 10 days before that time. Nor is it disputed that when the notices of levy were served the Treasurer had properly authorized and signed checks of the Commonwealth on his desk ready for transmission to the employee-taxpayers in payment for services rendered to the Commonwealth. In one case it does not appear why the Treasurer refused to honor the levy. In the other the court below found that the Treasurer gave as his reasons for not doing so "that he was not collecting taxes for the Federal Government and that moreover 'the Government had given him a bad time' in connection with his personal taxes."

Sims v. United States, 359 U.S. 108, 79 S.Ct. 641, 3 L.Ed.2d 667 (1959), clearly and categorically establishes the Treasurer's personal liability. It does not, however, do the same with respect to the liability of the Commonwealth, for the question of a state's liability was not before the Court in that case. Nevertheless we think the Court actually did decide the latter question, for in holding that §§ 6331 and 6332 authorized levy on the accrued salaries of state employees to collect federal taxes it said: "We think that the subject matter, the context, the legislative history, and the executive interpretation, i. e., the legislative environment, of § 6332 make it plain that Congress intended to and did include States within the term 'person' as used in § 6332." Id. at 112, 79 S.Ct. at 645. If states are included within the scope of the term "person" as that word is used throughout § 6332 as the above quotation indicates, then under subsection (a) a state is a person "obligated with respect to" the salaries covered by the section and also under subsection (b) is a person "liable in his own person and estate to the United States."

It is argued on behalf of the Commonwealth that the Massachusetts statute here involved, Mass.Gen.Laws Ann. ch. 58, § 28A (1958), is more restrictive than the West Virginia statute before the Court in the Sims case in that the Massachusetts statute, unlike the West Virginia one, does not authorize its appropriate state official to "pay taxes" but only empowers the official "to withhold" such amount of salaries or wages due officers or employees of the Commonwealth as may be required by the internal revenue laws of the United States. It is said: "Even a cursory inspection reveals that the Massachusetts statute only relates to withholding taxes and invests no authority to pay over to anyone other than the wage-earner the salary owed to this [sic] (the) employee, whereas this meaning is easily found in the West Virginia statute." The argument is so patently fallacious as to be positively disingenuous. The Massachusetts statute does not stop with requiring its officials "to withhold" such payments of wages or salaries of employees as may be required by the provisions of the internal revenue code of the United States, but in a part of the statute not quoted in the appellants' briefs, goes on to provide " * * * and to transmit and pay the amount so withheld to the government of the United States in accordance with said provisions."

Since it is acknowledged that the employee-taxpayers have been making payments on their federal taxes since the judgments, and that one has even paid all that he owes, and since under § 6332(b) the liability of persons subject to levy may not exceed the "amount of taxes for the collection of which * * * levy has been made," revision of the judgments is in order.

Judgments will be entered vacating the judgments of the District Court and remanding the cases to that court for further consistent proceedings.