644 F.2d 887
 81-1 USTC P 9282
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee Cross-Appellant
v.
Ronald L. Grimm, Defendant-Appellant Cross-Appellee.
 Nos. 79-1278 and 79-1279.
 United States Court of Appeals, Sixth Circuit.
 January 6, 1981.
 
 Before LIVELY and KEITH, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 The United States filed an action against the Appellant Ronald L. Grimm for failure to honor a levy served upon the appellant to collect on the unpaid taxes of his client, Mr. Jerry Collier. Of the $9,500 that the appellant had for his client, the district court ruled that appellant was entitled to retain $3,198.25 of the money as his fee for representing the taxpayer and $500.00 for expenses. The court further found that the appellant did not have to return $257.02 and $480.00 used to satisfy two bad checks of Collier. Appellant was ordered to turn over the remaining $5,064.73. Appellant filed this appeal alleging that the district court's decision that he turn over the $5,064.73 was in error because he did not have in his possession any property rights or property belonging to Collier when the Notice of Levy was served. Appellee cross-appealed arguing that the monies the district court allowed appellant to deduct for bad checks should not have been allowed since the United States has a superior claim over all of taxpayer's creditors.
 
 
 2
 The appellant was in possession of money belonging to Collier because of the settlement of a claim between Collier and a third party. Collier contracted to perform certain construction work for the Bob Smith Construction Company (Smith) and London Town Associates, Ltd. (London Town). London Town was the project owner for whom Smith was performing work as a general contractor. Collier performed and completed the work under a subcontract with Smith and filed a materialmen's lien for the amount due him under the contract. London Town was not satisfied with Collier's performance and disputed the amount due.
 
 
 3
 Robert H. Leonard was the attorney for London Town. He and Grimm negotiated a compromise settlement of $9,500. On October 3, 1974, Grimm contacted Leonard's office, notified him that $9,500 was acceptable and asked Leonard to go ahead and get the money within the next few days. Leonard then contacted J. Kelly Sisk of London Town and requested a check for $9,500. On either the same or the following day, the check was mailed to Leonard payable jointly to Collier Masonry Company and Ronald L. Grimm, attorney.
 
 
 4
 On October 8, 1974, Revenue Officers E.B. Householder and Don Wilcox met with Grimm at his law office. Grimm informed the revenue officers that a settlement agreement had been reached and that Collier was to receive approximately $9,000 to $9,500, from which the law firm expected to receive one third as attorney fees for obtaining the settlement. Grimm indicated at that time that the money would be forthcoming in a few days. At this meeting, Householder served the Notice of Levy presently the subject of this litigation. The Notice of Levy informed Grimm that $82,578.09 was due and owing to the United States from Collier and that all property or rights to property belonging to Collier that were in Grimm's possession were thereby levied upon and seized for satisfaction of that debt.
 
 
 5
 The next day Grimm and Collier met with Leonard and received the check for $9,500 in full settlement of the controversy with London Town. In exchange for this payment, an affidavit was executed by Collier releasing the materialmen's lien. The check was then deposited in the escrow account of Grimm's law firm. Thereafter, the $3,198.25 was applied to the legal fees incurred by Grimm for services rendered in connection with this settlement.
 
 
 6
 Grimm possessed the right to receive property belonging to his client as the result of the settlement, and accordingly, Grimm was in possession of intangible property that was properly levied by the government under 26 U.S.C. Sec. 6331(a). See Phelps v. United States, 421 U.S. 330 (1975); Sims v. United States, 359 U.S. 108 (1959); United States v. Eiland 223 F.2d 118 (4th Cir.1955). The record is clear that the parties realized that Grimm as Collier's attorney, possessed the right to receive the proceeds of the settlement. The check was made out to both Collier and Grimm. The transmittal letter that Leonard had prepared to accompany the check was addressed to Grimm. Although Leonard does not remember whether the check was ultimately handed to Collier or Grimm, it is undisputed that the check was deposited in a trust account of Grimm's law firm. Thus the actions of the parties manifested their belief that Grimm had the right to collect the proceeds of the settlement for Collier.
 
 
 7
 We affirm the district court's holding that Grimm was liable to the government for the $5,064.73 paid over to Collier.
 
 
 8
 The government has cross-appealed arguing that the district court erred in not holding Grimm liable for $737.02 he paid to the two creditors of Collier. Both parties agree on appeal that if this court should find that appellant was in possession of property or rights to property belonging to Collier at the time the levy was activated, then the appellant is also liable for the $737.02 paid to creditors. We agree, and accordingly reverse the district court's holding that appellant was not liable for those funds.