ARTHUR S. JANPOL, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT *

DONALD BERLIN, PETITIONER *v.* COMMISSIONER
INTERNAL REVENUE, RESPONDENT

Docket Nos. 5586–92, 5587–92.          Filed March 28, 1994.

*John N. Lieuwen* and *Patricia Tucker*, for petitioners.
*Thomas F. Eagan*, for respondent.

SUPPLEMENTAL OPINION

COHEN, *Judge*: In *Janpol v. Commissioner*, 101 T.C. 518 (1993), we held that petitioners were liable for section 4975(a) excise taxes on prohibited transactions. We incorporate and rely on the findings of fact set forth in that opinion. Briefly, we held that petitioners' loans to the Imported Motors Profit Sharing Trust (the trust) were prohibited transactions giving rise to excise tax liability in accordance with respondent's method of computation. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

We now consider whether petitioners are liable for additions to tax under section 6651(a)(1) because of their failure to file excise tax returns on Form 5330. Petitioners contend that (1) the section 6651(a)(1) addition to tax does not apply to section 4975(a) excise taxes on prohibited transactions; (2) the filing of Form 5500–R, Registration Statement of Employee Benefit Plan, for 1987, and Form 5500–C, Return/Report of Employee Benefit Plan, for 1988, for the trust precludes section 6651(a)(1) additions to tax; and (3) they had reasonable cause for failure to file excise tax returns.

---

*This opinion supplements *Janpol v. Commissioner*, 101 T.C. 518 (1993).

## 1. *Application of Section 6651(a)(1)*

Section 6651(a)(1) provides for an addition to tax in the case of failure to file any return required under the authority of subchapter A of chapter 61, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Section 6011(a), which is part of subchapter A of chapter 61, provides that, when required by regulations prescribed by the Secretary, any person made liable for any tax shall make a return according to the forms and regulations prescribed by the Secretary. Section 54.6011–1(b), Pension Excise Tax Regs., provides that every disqualified person (as defined in section 4975(e)(2)) liable for tax under section 4975(a) with respect to a prohibited transaction shall file an annual return on Form 5330. Because the prohibited transaction excise tax filing requirement as specified in the regulations is made under the authority of section 6011(a), which is part of subchapter A of chapter 61, petitioners' failure to file Form 5330 for the years in issue may subject them to liability for an addition to tax under section 6651(a)(1).

## 2. *Effect of Filing Entity Return*

The parties have stipulated that petitioners did not file returns for 1986 through 1988 reporting section 4975(a) tax liability. The parties have also stipulated that the trust filed Form 5500–R for 1987 and Form 5500–C for 1988.

Section 6058(a) requires every employer who maintains a profit-sharing plan, or plan administrator, to file an annual return stating such information as the regulations may prescribe with respect to the qualification, financial condition, and operations of the plan. Section 301.6058–1(a)(1), Proced. & Admin. Regs., states that the annual return required to be filed for the plan is the appropriate Annual Return/Report of Employee Benefit Plan (Form 5500 series).

If a disqualified person with respect to a plan has participated in a prohibited transaction, two separate returns are required to be filed with respect to profit-sharing plans. A Form 5330 is required to be filed by the disqualified person, reporting the tax imposed by section 4975(a). Whether or not prohibited transactions have occurred, a Form 5500 must be filed by the employer or plan administrator, providing

information relating to the plan's continued qualification, financial condition, and operations.

Section 6501 provides the general rule that requires assessment of tax within 3 years of the date a return is filed. Section 6501(l)(1) provides that, for purposes of tax imposed by section 4975, "the *return referred to in this section* shall be the return filed by the private foundation, plan, trust, or other organization (as the case may be) for the year in which the act (or failure to act) giving rise to liability for such tax occurred." (Emphasis added.) Thus, even though petitioners failed to file Forms 5330 for the years in issue, the period of limitations on their liability for the section 4975 tax began running when Forms 5500–R and 5500–C were filed.

Petitioners contend that a return that is adequate to begin the running of the period of limitations is also adequate to prevent a section 6651(a)(1) addition to tax. Petitioners rely on a series of cases that create a judicial line of authority for treating certain documents as returns for statute of limitations purposes. See, e.g., *Martin Fireproofing Profit-Sharing Plan & Trust v. Commissioner*, 92 T.C. 1173, 1189–1193 (1989).

We have held that certain documents that do not comply with requirements contained in the regulations will nevertheless be treated as "returns" for statute of limitations purposes when the documents satisfy a four-part Supreme Court test applied in *Badaracco v. Commissioner*, 464 U.S. 386 (1984), *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172 (1934), and *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453 (1930):

First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury. [*Beard v. Commissioner*, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986).]

Petitioners argue that these statute of limitations cases are significant because, in the *Beard* case, we said that returns that are considered to be sufficient to trigger the running of the period of limitations under this four-part test will also be considered to be filed for section 6651(a)(1) purposes.

The circumstances here, however, are distinguishable from those in *Beard*. Here, the Forms 5500–R and 5500–C that were filed were sufficient to start the period of limitations running because section 6501(l)(1) provides for such a result, not because these forms satisfy the judicially created four-part test. Thus, unless we find that these forms satisfy the four-part test, *Beard* does not require us to hold that the Forms 5500–R and 5500–C are sufficient returns for section 6651(a)(1) purposes.

The forms filed by the trust for 1987 and 1988 are not in the record. Thus, petitioners have failed to prove that those returns contained sufficient data to calculate their excise tax liability. We have, however, taken judicial notice of the Form 5500–R for 1987 and Form 5500–C for 1988 prescribed by the Internal Revenue Service (IRS). The 1987 Form 5500–R, on line 7, requires the plan to report fiduciary information in a "yes or no" format. We have no reason to believe that the trust answered these questions in a way that would disclose petitioners' transactions with the trust. The dollar amounts of the transactions engaged in with fiduciaries are not requested on the 1987 Form 5500–R. Because the section 4975 tax is computed as a percentage of the dollar amount involved with respect to the prohibited transaction, the required data for computation of this tax is not provided by the 1987 Form 5500–R.

The 1988 Form 5500–C, on line 29, does request dollar amounts of certain transactions entered with employers, fiduciaries, and the five highest paid employees. We have no reason to believe that petitioners' transactions with the trust were disclosed on the Form 5500–C filed by the trust for 1988. Thus, we cannot conclude that the trust's return would provide sufficient data, in this case, for the computation of the section 4975 tax.

Petitioners cite *California Thoroughbred Breeders Association v. Commissioner*, 47 T.C. 335 (1966), as support for their argument that an information return need not contain each item of information necessary to compute the proposed tax liability in order to start the period of limitations running. In that case, we recognized that, under section 6501(g)(2), the filing of a Form 990, Return of Organization Exempt From Income Tax, commenced the period of limitations on tax on unrelated business income, even though the required Form

990–T was not filed. *California Thoroughbred Breeders Association* is distinguishable from the circumstances here, however, because the information returns filed in that case contained "considerable data" relating to the potential tax liability. *Id.* at 339.

Even though the Form 5500 series returns do not provide for the calculation of excise taxes, we have held that the 6-year period of limitations applies when excise tax liabilities are not disclosed on such returns. *Thoburn v. Commissioner*, 95 T.C. 132, 146–148 (1990). In *Pearland Investment Co. v. Commissioner*, T.C. Memo. 1991–562, we recognized distinctions between Form 5500–C and Form 5330 and held that a 6-year period of limitations was applicable because the Form 5500–C that was filed did not disclose that a prohibited transaction had occurred. In that case, we also held that the taxpayer was liable for the section 6651(a)(1) additions to tax for failure to file excise tax returns, even though the plan had filed a Form 5500–C for some of the years in issue. Any relationship between these issues apparently was not raised and was not addressed.

We conclude that the Forms 5500–R and 5500–C that were filed here do not satisfy the judicially created test of what constitutes a return for statute of limitations purposes.

Respondent contends that, in any event, section 6501(l)(1) relates solely to the statute of limitations and operates independently of the return and payment requirements of section 54.6011–1(b), Pension Excise Tax Regs., for disqualified persons who have participated in prohibited transactions. Respondent compares section 6501(l)(1) to section 6501(g)(2), which also relates to time limitations on assessment and collection and provides:

If a taxpayer determines in good faith that it is an exempt organization and files a return as such under section 6033, and if such taxpayer is thereafter held to be a taxable organization for the taxable year for which the return is filed, such return shall be deemed the return of the organization *for purposes of this section.* [Emphasis added.]

Subsections (l)(1) and (g)(2) of section 6501 are similar in that both permit "noncomplying" returns to constitute returns for statute of limitations purposes. Moreover, both sections seem to limit their scope to statute of limitations purposes. Subsection (g)(2) of section 6501 provides that the

noncomplying return will constitute a return "for purposes of this section", while subsection (l)(1) of section 6501 provides that "the return referred to in this section" will be the noncomplying return.

We addressed the interaction of section 6501(g)(2) with the section 6651(a)(1) addition to tax in *Knollwood Memorial Gardens v. Commissioner*, 46 T.C. 764, 794 (1966). In that case, we held that, although a taxpayer's good faith belief that it was a tax-exempt entity was sufficient to permit its Form 990 return to start the running of the period of limitations, such a return was not sufficient to avoid the section 6651(a)(1) additions to tax for failure to file Form 1120, Corporation Income Tax Return. We specifically held that the filing of Form 990 information returns does not constitute reasonable cause or demonstrate absence of willful neglect in failing to file the Form 1120 returns as required by the regulations. *Id.* at 795.

Subsection (l)(1) (then (n)(1)) of section 6501 was added to the Code by the Tax Reform Act of 1969, Pub. L. 91–172, sec. 101(g)(1), 83 Stat. 525. Thus, Congress enacted section 6501(l)(1) after publication of *Knollwood Memorial Gardens v. Commissioner, supra*, and Rev. Rul. 60–144, 1960–1 C.B. 636, which states the Commissioner's position that the provisions of section 6501(g)(2) relate solely to the statute of limitations. Nevertheless, section 6501(l)(1) makes no reference to the failure to file addition to tax, and we have no indication of congressional intent to affect application of section 6651(a)(1). Accordingly, we conclude that a document is not a return for section 6651(a)(1) purposes solely because it is a return for statute of limitations purposes under section 6501(l)(1). Therefore, the Forms 5500–R and 5500–C that were filed by the trust do not preclude petitioners' liability for the additions to tax under section 6651(a)(1).

## 3. *Reasonable Cause*

To avoid liability for section 6651(a)(1) additions to tax, petitioners must thus demonstrate that they had reasonable cause not to file excise tax returns. Petitioner Donald Berlin did not testify and presented no evidence as to his reasons for failing to file the required returns. Petitioner Arthur S. Janpol (Janpol) testified that he engaged in his own research

and concluded that the statute did not apply to loans to a plan by disqualified persons, even though the U.S. Department of Labor had expressly advised him that such loans were prohibited. He testified that, when he was advised by the U.S. Department of Labor that he could not lend money to the plan:

I said, That doesn't mean that. I said, That is the silliest thing I ever heard of. And—but they kept insisting that I was doing something wrong, and I still to this day know that I haven't.

Janpol also testified that none of his attorneys or accountants advised him to file excise tax returns. He did not, however, testify that any competent tax professional advised him that it was not necessary to file the returns. See *United States v. Boyle*, 469 U.S. 241, 251 (1985); *Zabolotny v. Commissioner*, 97 T.C. 385, 400–401 (1991), revd. on another issue 7 F.3d 774 (8th Cir. 1993); *Knollwood Memorial Gardens v. Commissioner, supra* at 794–796. We are not persuaded that petitioners made a reasonable effort to ascertain their liability for excise taxes. Petitioners' disagreement with the interpretation of the statute by the U.S. Department of Labor, and now by the IRS and the Court, without any affirmative evidence of an attempt to comply with the excise tax filing requirements, is not reasonable cause.

To reflect the agreement of the parties and our determinations in 101 T.C. 518 (1993) and this opinion,

*Decisions will be entered under Rule 155.*