USCA1 Opinion

 

 November 10, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1453 MICHAEL J. HAGGERT, Plaintiff, Appellant, v. PHILIPS MEDICAL SYSTEMS, INC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael Ponsor, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Michael J. Haggert on brief pro se. __________________ Loretta C. Arsgett, Assistant Attorney General, Gary R. Allen, ___________________ ______________ David English Carmack and S. Robert Lyons, Attorneys, Tax Division, ______________________ ________________ Department of Justice, on brief for appellees Philips Medical Systems, Inc., Heritage Bank for Savings, Ann McDonald, Elaine Dionne and United States of America. Ann S. Duross, Assistant General Counsel, Robert D. McGillicuddy, _____________ _______________________ Senior Counsel, and Marta W. Berkley, Counsel, on brief for appellee _________________ Federal Deposit Insurance Corporation As Receiver for Heritage Bank for Savings. ____________________ ____________________  Per Curiam. Michael Haggert appeals the district __________ court's grant of summary judgment in favor of the United States, Philips Medical Systems, Inc., Heritage Bank for Savings, and two of Heritage's employees. We affirm essentially for the reasons given by the district court in its decisions dated March 24, 1992 and March 24, 1994, adding only the following comments. Haggert complains that the district court did not address his allegation that the notice of levy sent to Heritage Bank violated certain provisions of the Internal Revenue Code ("Code"). His complaint is without merit, however, since the court did address the alleged statutory violations. It correctly concluded that the Internal Revenue Service ("IRS") could effect a levy on Haggert's bank accounts at Heritage Bank by sending the bank a notice of levy. See 26 U.S.C. 6331(b) ("The term 'levy' as used in ___ this title includes the power of distraint and seizure by any means."); IRS Reg. 301.6331-1(a)(1) ("Levy may be made by serving a notice of levy on any person in possession of . . . property subject to levy, including . . . bank accounts, . . . ."); see also Schiff v. Simon & Schuster, Inc., 780 F.2d ___ ____ ______ _______________________ 210, 212 (2d Cir. 1985) (levy on property has long been effected by serving a notice of levy, and so an employee's argument that the IRS could not levy on his wages by sending a notice of levy to his employer was "absolutely meritless"). -2- The differing language in section 6331(a) to which Haggert points -- the statute permits levying on the property of delinquent taxpayers "by levy," but provides for levying on the salaries of federal employees by "notice of levy" to their employers -- is not meaningful in view of the law just cited. See also Sims v. United States, 359 U.S. 108, 113 ___ ____ ____ _____________ (1959) ( 6331(a)'s provision relating to levy upon federal employees' salaries was enacted specifically to subject those salaries "to the same collection procedures as are available against all other taxpayers"). The district court also considered Haggert's other claims of procedural irregularity. It essentially determined that it need not consider those claims in evaluating Haggert's suit against the bank. As the court noted, pre- levy procedural requirements are imposed only on the IRS, and the IRS had been dismissed from the suit. We see no error in the court's reasoning. See, e.g., 26 U.S.C. 6331(a) (the _________ Secretary of the Treasury must wait a specified number of days after providing the taxpayer with notice of his outstanding taxes and demand for payment before levying on the taxpayer's property); id. (d)(1) (the Secretary of the ___ Treasury may not levy on the property of a delinquent taxpayer until the taxpayer has been given a written notice  ____________________ 1. Although 26 U.S.C. 6332(c) requires banks to surrender of intent to levy); id. (d)(4) (describing what information ___ a delinquent taxpayer's property "only after 21 days after service of levy," Haggert has not claimed that the bank the notice of intent to levy must contain).1 Moreover, a failed to wait the full 21 days after receiving the notice of levy before complying with the notice. -3- bank which has received an IRS notice of levy must comply with the levy, and has only two defenses -- that the bank is not in possession of the property, or that the property is subject to a prior judicial attachment or execution. See ___ United States v. National Bank of Commerce, 472 U.S. 713, _____________ ___________________________ 722, 727 (1985); see 26 U.S.C. 6332(a) ("[A]ny person in ___ possession of (or obligated with respect to) property . . . upon which a levy has been made shall . . . surrender such property . . . to the Secretary [of the Treasury], except such part of the property . . . as is, at the time of such demand, subject to an attachment or execution under any judicial process."). Thus, any procedural errors committed by the IRS in serving the notice of levy would not have excused the bank from its obligation to comply with the notice of levy, and the district court could grant summary judgment for the bank without first considering the substantive merits of the alleged errors by the IRS.2 Haggert also avers that the United States has lost its sovereignty, having previously declared bankruptcy, and so could not be substituted for the individual IRS defendants originally sued by Haggert. Since Haggert did not assert this claim below, however, he has waived it on appeal.  ____________________ 2. In passing, we also note that Haggert's claims of IRS error were meritless. -4- United States v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. ______________ _____________ 1993). Next, Haggert says that the points made in his "affidavits" were never answered, so that summary judgment in his favor was warranted. Those affidavits did not attempt to dispute any material fact in this case, however, but were used exclusively to argue Haggert's case. Accordingly, summary judgment for the defendants was proper. See 6 ___ Moore's Federal Practice Pt. 2, 56.22[1], at 56-746 to 748 _________________________ (1993 ed.) ("The affidavit is no place for ultimate facts and conclusions of law, nor for argument of the party's cause."). Haggert's remaining claims were either resolved correctly by the district court or are in any event meritless, and so they need not be further discussed here. Finally, the United States asks us to award sanctions of $1,500 against Haggert for filing a frivolous appeal. In a previous appeal by Haggert in a related case, we said that Haggert's arguments in support of his claim that he was not required to pay federal income tax -- some of which are reasserted in this appeal -- were "meritless, indeed silly on their face." See In re Haggert, No. 92-1519, ___ _____________ slip op. at 10 (1st Cir. Dec. 22, 1992) (unpublished per curiam). Haggert's claim that the IRS had violated certain Code provisions apparently was not made in his previous appeal, but, as the district court found, that claim was -5- unavailing against the bank. Nonetheless, Haggert appealed the judgment in favor of the bank, yet, on appeal, failed to describe any error in that finding. He also appealed the grant of summary judgment for his employer, Philips Medical Systems, Inc., despite the court's citation of Code provisions which expressly immunized Philips from this suit. Since Haggert should have known that his appeal had no chance of success, sanctions are warranted. See E.H. Ashley & Co. ___ __________________ v. Wells Fargo Alarm Services, 907 F.2d 1274, 1280 (1st Cir. __________________________ 1990) (it is enough to find an appeal frivolous under Fed. R. App. P. 38 if the appellant "should have been aware that the ______ appeal had no chance of success") (emphasis in original); Lefebvre v. Commissioner, 830 F.2d 417, 421 (1st Cir. 1987) ________ ____________ (a pro se taxpayer "whose assertions have been found totally frivolous below, runs the risk of substantially harsher appellate sanctions [than double costs] if the appeal is objectively frivolous, i.e., without any legal or factual basis"). In view of Haggert's present financial circumstances, however, we only grant damages of $300. Affirmed. Damages of $300 awarded to the United ___________________________________________________ States in addition to ordinary costs.  _____________________________________ -6-