GRIMES, Chief Justice.
Lawton Chiles, as Governor of the State of Florida, and W. Dexter Douglass, individual *557 ly, petition this Court for a writ of mandamus directing Robert F. Milligan, as Comptroller of the State of Florida, to issue a warrant in payment for the legal services Douglass has provided to Chiles in his official capacity as Governor. We have jurisdiction pursuant to article V, section 3(b)(8) of the Florida Constitution.
In February of this year, the Governor signed an agreement with Douglass whereby Douglass agreed to provide legal services to the Governor. Under the express language of the agreement, Douglass was to provide legal services “as an independent contractor and not as an agent, representative, or employee of the GOVERNOR.” At the end of February, the Governor submitted a voucher to the Comptroller requesting that Douglass be paid for his legal services as an independent contractor. Pointing to language in the contract which provided that Douglass “shall be supervised by, and responsible directly to, the Governor, and to no other person,” the Comptroller refused to pay Douglass as an independent contractor. The Comptroller insisted that Douglass is an employee of the Governor for federal tax purposes.
The Governor and Douglass contend that it was beyond the scope of the Comptroller’s authority to reinterpret the pertinent agreement and deny payment to Douglass as an independent contractor. The Comptroller argues that if the Internal Revenue Service ultimately determines that Douglass is an employee of the Governor, then as Comptroller he will be held personally liable for the failure to properly withhold payroll taxes. The Governor responds by asserting that the Comptroller’s own written policy provides that “[i]t is incumbent upon each agency to evaluate the circumstances of each contractual relationship. Any penalties which may be imposed by the IRS for failure to make the proper determination of the employment relationship, will be borne by the agency making the determination.”
In Florida Development Commission v. Dickinson, 229 So.2d 6, 7 (Fla. 1st DCA 1969), cert. denied, 237 So.2d 530 (Fla.1970), the First District Court of Appeal discussed the scope of the Comptroller’s authority with respect to the disbursement of public funds:
On several occasions, it has been held that the Comptroller’s constitutional duty to examine, audit, adjust and settle accounts of state officers imposes upon him the duty to see to it that all disbursements of public moneys are authorized by a legal appropriation, and that the payment of a particular item violates no positive provision against payment either expressly or impliedly. While the Comptroller is thus required to examine each item presented to him for payment, it is well settled that he is not empowered to invoke any supervisory authority to veto or disallow expenditures for which lawful appropriation has been made by the legislature. State ex rel. Arthur Kudner, Inc. v. Lee, 150 Fla. 35, 7 So.2d 110 [ (1942) ]; State ex rel. W.R. Clark Printing & Binding Co., Inc. v. Lee, 117 Fla. 779, 158 So. 461 [ (1934) ].
See also State ex rel. Second District Court of Appeal v. Lewis, 550 So.2d 522 (Fla. 1st DCA 1989).
The Comptroller does not suggest that the Governor could not hire Douglass as an independent contractor. Further, the Comptroller does not contend that the legislature failed to appropriate funds which could be used to pay Douglass as an independent contractor. Rather, the Comptroller seeks to reinterpret the agreement entered into by the Governor and Douglass. The Comptroller proffers no pertinent authority,[1] and we find none, that would permit him to reinterpret the agreement. By its terms, the agreement purports to create an independent contractor relationship. We conclude that the Comptroller exceeded his authority, as delineated in Dickinson, by reinterpreting the agreement and refusing to pay Douglass as an independent contractor. We find unpersuasive the Comptroller’s arguments re *558 garding his responsibility for any sanctions the Internal Revenue Service might ultimately impose.
Accordingly, we hold that the Comptroller must exercise his nondiscretionary duty to pay Douglass as an independent contractor. Because we believe that the Comptroller will fully comply with the views expressed in this opinion, we withhold the formal issuance of the writ of mandamus at this time. See, e.g., Flack v. Graham, 453 So.2d 819, 822 (Fla.1984).
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. The Comptroller's reliance upon Sims v. United States, 359 U.S. 108, 79 S.Ct. 641, 3 L.Ed.2d 667 (1959), is misplaced. In Sims, the United States Supreme Court held that a state auditor was liable for his failure to honor the levies issued to him by the Internal Revenue Service against the salaries of state employees who failed to pay their federal income taxes. Sims is clearly inap-posite.