[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10397
Non-Argument Calendar
_____

Agency No. 11368-18


WILLIAM MICHAEL CALPINO, JR.,

Petitioner–Appellant,

versus

COMMISSIONER, INTERNAL REVENUE SERVICE,

Respondent–Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(July 17, 2020)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

William and Kelly Calpino ("the Calpinos"), proceeding *pro se*, appeal the Tax Court's grant of summary judgment to the IRS, which sustained the IRS's proposed tax levies against them, and the tax court's imposition of a $25,000 sanction. On appeal, they argue that the Tax Court erred in holding, on summary judgment, that the IRS Office of Appeals did not abuse its discretion in sustaining the proposed levies. Second, they argue that the Tax Court improperly imposed a $25,000 sanction against them under I.R.C. § 6673(a)(1) for making frivolous arguments. We affirm on both counts.

## I.

We review the Tax Court's grant of summary judgment *de novo*. *Roberts v. Comm'r*, 329 F.3d 1224, 1227 (11th Cir. 2003). Under I.R.C. § 6331, the IRS has the authority to collect a delinquent taxpayer's assessment by levying his property. *Id.* Before levying, the IRS must notify the taxpayer about his right to request a collection due process hearing before the IRS Office of Appeals, and, if a timely request is made, the taxpayer is entitled to a hearing and the proposed collection action is suspended until the collection due process proceeding is concluded. I.R.C. §§ 6330(a), (b), (e). The purpose of a collection due process hearing is to review the propriety of the proposed collection action. *See Roberts*, 329 F.3d at 1228. The Office of Appeals must obtain verification that the requirements of any applicable law or administrative procedure have been met. I.R.C. § 6330(c)(1).

2

Section 6330(c)(1) does not require the Office of Appeals to rely on any particular document for verification purposes, nor does it specify how the verification is to be performed. *Roberts*, 329 F.3d at 1228. The Office of Appeals must also balance the need for efficient tax collection with the concern that the collection action be no more intrusive than necessary. I.R.C. § 6330(c)(3).

A taxpayer may not challenge the underlying tax liability in a collection due process hearing if he received a notice of deficiency. I.R.C. § 6330(c)(2)(B). After the collection due process hearing, the Office of Appeals sends the taxpayer a notice of determination setting forth its findings and decision. *See* Treas. Reg. § 301.6330-1(e)(3). The taxpayer may then seek judicial review of an adverse determination in the Tax Court. I.R.C. § 6330(d)(1). The Tax Court may permit the levy to proceed if it finds good cause for doing so and the underlying tax liabilities are not at issue. *Id.* § 6330(e)(2).

The Calpinos duly requested a collection due process hearing, in which they argued, *inter alia*, that they were immune from the tax laws and levy powers of the IRS. The Office of Appeals held a hearing (by correspondence at the request of the Calpinos), verified that all legal and procedural requirements had been met, and issued a notice of determination, concluding, *inter alia*, that the Calpinos' claim of immunity was frivolous, and that in any event, the Calpinos were barred from challenging their underlying tax liabilities because they had received a notice of

deficiency.  Thus, the Office of Appeals ruled that the levy could proceed.  The Calpinos then petitioned the Tax Court, renewing all their claims, and now appeal to us, challenging the Tax Court's rejection of their claims.

The Calpinos' primary argument is that they are not taxable persons subject to the levy authority under 26 U.S.C. § 6331 and that their wages are not taxable because they do not fall within the class of persons identified by § 6331(a).  Their specific argument is that § 6331(a) only authorizes levies against "the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality" thereof, and because they are not an "officer, employee, or elected official," the levy against them was unauthorized.  But this argument ignores the preceding sentences in § 6331(a), which make clear that levies can be applied against "any person liable to pay any tax [who] neglects or refuses to pay the same within 10 days after notice and demand[.]"  26 U.S.C. § 6331(a).

As the Supreme Court explained in *Sims v. United States*, the specific provision in § 6331(a) was enacted following its previous decision in *Smith v. Jackson* "that a federal disbursing officer might not, in the absence of express congressional authorization, set off an indebtedness of a federal employee to the Government against the employee's salary[.]"  *Sims v. United States*, 359 U.S. 108, 112–13 (1959) (citing *Smith v. Jackson*, 246 U.S. 388 (1918)).  Accordingly, the

Court concluded in *Sims*, the provision upon which the Calpinos presently rely "was enacted to overcome that difficulty"—that is, the difficulty of levying a federal employee's salary—"and to subject the salaries of federal employees to the same collection procedures *as are available against all other taxpayers*[.]"  *Id.* at 113.

We conclude that the plain language of the first sentence of § 6331(a) clearly authorizes levy upon the Calpinos:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy[.]

I.R.C. § 6331(a).  The Calpinos' argument that only employees of the United States and the District of Columbia are subject to levy is frivolous.  *Accord Masiano v. Welcher*, 940 F.2d 499, 502 (9th Cir. 1991) (holding that the levy provisions in § 6331(a) do not exclusively apply to federal government employees, noting that "[Appellants'] reading ignores the first sentence of section 6331(a), which gives the statute its broad scope and clearly states that it applies to *all* property of *any* person liable to the IRS.") (emphasis in original); *James v. United States*, 970 F.2d 750, 755 n.9 (10th Cir. 1992) (citing *Sims*, 359 U.S. at 112–13) (noting that this argument was "frivolous" because "Section 6331(a) empowers the IRS to levy the property of all taxpayers").  The Supreme Court in *Sims* rejected an argument analogous to the one presented to us by the Calpinos.  There, the Court

5

held that the express mention of federal employees'—but not state employees'—liability to levies did not mean that state employees' salaries and property could not be levied. *Sims*, 359 U.S. at 112 ("Nor is there merit in petitioner's contention that Congress, by specifically providing in § 6331 for levy upon the accrued salaries of federal employees, but not mentioning state employees, evinced an intention to exclude the matter from levy.").

Accordingly, we reject the Calpinos' argument that they were not subject to a levy under § 6331(a). We also note that the Calpinos' argument is due to be rejected because they received a notice of deficiency and therefore cannot challenge their underlying tax liability in the collection due process hearing, *see* I.R.C. § 6330(c)(2)(B). Because they cannot challenge the underlying tax liability and good cause existed, the Tax Court did not err in permitting the levy. *See id.* § 6330(e)(2). Accordingly, we affirm as to this issue.

## II.

We review the Tax Court's imposition of an I.R.C. § 6673(a)(1) penalty for abuse of discretion. *Roberts*, 329 F.3d at 1229. Section 6673(a)(1) of the Internal Revenue Code authorizes the Tax Court to impose a penalty of not more than $25,000 upon a taxpayer for instituting or maintaining a suit primarily for delay or for maintaining a frivolous or groundless position. A position is frivolous "if it

lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Here, we conclude that the Tax Court did not abuse its discretion in imposing a penalty under § 6673 because the Calpinos' petition was frivolous. The Calpinos had been repeatedly warned, in prior cases and by the Tax Court in the instant case, that if they continued to press their frivolous arguments—that they are not taxable persons and that their wages are not taxable income—then they would potentially face sanctions up to $25,000. Instead of heeding the court's warning, the Calpinos continued to assert their patently frivolous arguments that have been roundly rejected by multiple courts, including the Supreme Court. *See Sims*, 359 U.S. at 112–13; *see also James*, 970 F.2d at 755 n.9; *Masiano*, 940 F.2d at 502. Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] Other arguments asserted on appeal by the Calpinos are rejected as non-meritorious without need for discussion.